1  Joshua Briones (SBN 205293)
   jbriones@mintz.com
2  Arameh Zargham O'Boyle (SBN 239495)
   azoboyle@mintz.com
3  Natalie Prescott (SBN 246988)
   nprescott@mintz.com
4  Matthew Novian (SBN 324144)
   mjnovian@mintz.com
5  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   2029 Century Park East, Suite 3100
6  Los Angeles, CA 90067
   Telephone:  (310) 586-3200
7  Facsimile:   (310) 586-3202

8  Attorneys for Defendant,
   SN SERVICING CORPORATION

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  DESIREE SCHMITT AND JAMES FURTH,          Case No.  3:21-cv-3355
    individually and on behalf of all others
14  similarly situated,
                                              **NOTICE OF REMOVAL BY**
15            Plaintiffs,                      **DEFENDANT SN SERVICING**
                                              **CORPORATION**
16       vs.

17  SN SERVICING CORPORATION, an Alaska
    Corporation,                              Complaint Filed:   March 12, 2021
18                                            Trial Date:        None Yet
              Defendant
19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, Defendant SN Servicing Corporation ("SN Servicing") hereby removes the above-captioned action from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of its removal of this action, SN Servicing states as follows:

1.   On or about March 12, 2021, Plaintiffs Desiree Schmitt and James Furth ("Plaintiffs") filed this putative class action in the Superior Court of the State of California in and for the County of San Francisco, Case No. CGC-21-590105 (the "Complaint").

2.   Plaintiffs served SN Servicing with the Summons and Complaint on or about April 8, 2021; therefore, this Notice of Removal is timely made pursuant to 28 U.S.C. § 1446(b).

3.   Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a) because the Northern District of California is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 84(a).  Specifically, Plaintiffs filed their action in the Superior Court of San Francisco because SN Servicing's Terms and Conditions specifically provide for jurisdiction of the courts in San Francisco County.  Complaint at ¶ 5.  Accordingly, venue in the Northern District of California – County of San Francisco is proper.

4.   Pursuant to 28 U.S.C. § 1446(a), attached hereto as **<u>Exhibit A</u>** is a copy of all pleadings and documents filed in the state court action.

5.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being served upon Plaintiffs and filed with the clerk of the Superior Court of California, San Francisco County.

///

///

1

## ALLEGATIONS IN THE COMPLAINT

6.     Plaintiffs' putative class action Complaint alleges that "a ransomware-threat-actor group known as 'Mount Locker' . . . deployed ransomware into [SN Servicing]'s environment and successfully exfiltrated a number of digital files maintained by SN Servicing." Complaint at ¶ 17. As a result, Plaintiffs allege that the class of approximately 20,155 individuals suffered damages when their personal and financial data was compromised. *Id.* at ¶¶ 19, 49.

7.     Plaintiff Schmitt alleges that SN Servicing sent her a "Data Breach Notification letter notifying her that some of her personal and financial information had been acquired by the Unauthorized Party responsible for the Data Breach. According to the Data Breach Notification letter, a preliminary investigation revealed that the data acquired by the Unauthorized Party includes Schmitt's March 2018 billing statements and fee notices that contain Schmitt's personal and financial information including, among other information, Schmitt's name, address, loan number, balance information, and billing information such as charges assessed, owed, and/or paid." *Id.* at ¶ 40.

8.     Plaintiff Schmitt further alleges that, as a result of the breach, she has spent hundreds of dollars and has spent tens of hours monitoring her identity and credit. *Id.* at ¶ 41. More, Plaintiff Schmitt alleges the Data Breach has caused her (and the class) to suffer "anxiety, emotional distress, and loss privacy." *Id.* at ¶ 42, 51.

9.     The Complaint further alleges that approximately 20,155 individuals were affected by the breach, and that they have suffered damages as result of their personal and financial data being compromised. *Id.* at ¶¶ 19, 49. Plaintiffs and the putative class bring this class action Complaint seeking damages for "actual injury" incurred as a result of the data breach.  *Id.* at 49.

10.    Plaintiffs and the proposed class further claim that they are at an increased and immediate risk of future harm, including from identity theft and fraud related to their financial account, and that this will persist for years to come. *Id.* at ¶ 53.

11.    The Complaint contains causes of action for Negligence, Invasion of Privacy, and California's Unfair Competition Law codified in Business in Professions Code § 17200.

1

## REMOVAL IS PROPER UNDER CAFA

2      12.   This action is within the original jurisdiction of this Court and removal is proper

3 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In CAFA, Congress

4 granted the federal courts diversity jurisdiction over putative class actions where: (1) the putative

5 class action consists of at least 100 proposed class members (28 U.S.C. § 1332(d)(5)(B)); (2) the

6 citizenship of at least one proposed class member is different from that of any defendant (28 U.S.C.

7 § 1332(d)(2)(A)); and (3) the matter in controversy, after aggregating the claims of the proposed

8 class members, exceeds $5 million, exclusive of interests and costs (28 U.S.C. §§ 1332(d)(2),

9 (d)(6)). Each of these requirements is satisfied here.

10

## NUMEROSITY

11      13.   SN Servicing denies that Plaintiffs' proposed class can meet the requirements of

12 Federal Rule of Civil Procedure 23, or that the class has suffered any damage as a result of the

13 breach.  However, the number of putative class members, as identified by the Complaint, exceeds

14 100.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs allege "approximately 20,155 borrowers" were

15 affected by the breach.  Plaintiffs seek to represent a class of individuals defined as:

16        a.    "All borrowers whose loans were or are serviced by SN Servicing

17            Corporate and whose personal and financial information was

18            acquired in the data breach."  Complaint at ¶ 62.

19

## DIVERSITY

20      14.   The Complaint establishes that there is diversity between the Parties.  Both Plaintiffs

21 assert that they are citizens of Ohio. Complaint at ¶¶ 1, 2.  The Complaint alleges that SN Servicing

22 is an Alaska Corporation headquartered in Eureka, California.  *Id.* ¶ 3.  Therefore, there is diversity

23 between the Parties.

24

## AMOUNT IN CONTROVERSY

25      15.   A defendant's notice of removal need include only a plausible allegation that the

26 amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co.,*

27 *LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Academy of Country Music v. Continental Casualty*

28

*Company*, 991 F.3d 1059, 1068 (9th Cir. 2021).  Evidence establishing the amount in controversy is only required when the plaintiff contests, or the court questions, the defendant's allegation. *Id*.; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) ("defendant's showing on the amount in controversy may rely on reasonable assumptions.").

16.     SN Servicing denies that Plaintiffs' proposed class has suffered any damages as a result of the alleged breach.  However, based on the relief Plaintiffs seek on behalf of the alleged class, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

17.     Plaintiffs' credit monitoring claims alone place at issue more than $5,000,000.  Courts have specifically looked to the cost of credit monitoring when evaluating CAFA jurisdiction in data breach cases. *See, e.g., Porras v. Sprouts Farmers Mkt., LLC*, No. 16-cv-1005 JGB (KKx), 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (calculating the amount in controversy as including $15.95 per month per putative class member for credit monitoring); *Fielder v. Penn Station Inc.*, No. 1:12-cv-2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013) (finding size of class and cost of credit monitoring sufficient to meet CAFA's $5,000,000 amount in controversy requirement); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (data breach litigation using $14.95 per month as estimated cost of credit monitoring for purposes of determining satisfaction of CAFA's amount in controversy threshold).

18.     Plaintiffs, who allege their claims are "typical of the claims of members of the Class," each allege monetary damages resulting from purchasing of credit monitoring services. Complaint at ¶ 65. Plaintiff Schmitt alleges she purchased "credit monitoring with Lifelock at an ***annual*** cost of ***more than*** $200.00, as well as LastPass password manager which is a monthly password manager and password vault application subscription service that costs $3.00 per month, and YubiKey password protection at a cost of ***more than*** $90.00." *Id*. at ¶ 41 (emphasis added).  Based

on these allegations, the annual credit monitoring damage claimed is: $200 + $36 ($3 x 12 months) + $90 = $326.

19.     More, Plaintiff alleges that these annual costs will be incurred for several "years," thereby creating a potential of thousands of dollars in alleged damages. *Id*. at ¶¶ 34, 35, 49, 53, 79. Where a Complaint does not "identify a period of time during which Plaintiffs seek to have their credit monitored" Courts in the Ninth Circuit have found "three years as a conservative estimate." *Porras*, 2016 WL 4051265, at *3 ("Defendants chose three years as a conservative estimate. . . The amount reasonably placed in controversy is therefore $5,006,449.80 ($15.95 x 12 months x 3 years x 8,719 class members).").

20.     Here, multiplying the annual cost of $326 by the 20,155 putative class members yields a minimum amount in controversy of $6,570,530. This one-year calculation is sufficient to satisfy CAFA. Under the "conservative" three-year estimate used by the Court in *Porras*, the amount in controversy is close to $20,000,000.

21.     The calculation above does not include the alleged value of other relief sought in the Complaint, including restitution of money or property, attorneys' fees, declaratory relief and injunctive relief, which are part of the "amount in controversy".  Complaint at ¶ 92; *Arias v. Residence Inn by Marriot*, 936 F.Supp.3d 920, 927-28 (9th Cir. 2019).

22.     Pursuant to the allegations of the Complaint the aggregate amount in controversy exceeds $5,000,000.

**CONCLUSION**

23.     For all of the reasons stated herein, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332, and it is removable to this Court pursuant to §§ 1441, 1446 and 1453(b).

24.     By removing the action to this Court, SN Servicing does not waive any defenses, objections or motions available to it under state and federal law. Based on the foregoing, SN Servicing hereby removes this action from the Superior Court of the State of California, in and for

the County of San Francisco, to the United States District Court for the Northern District of California.

Dated:  May 5, 2021

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By:   Joshua Briones
      Arameh Zargham O'Boyle
      Natalie Prescott
      Matthew Novian

      Attorneys for Defendant,
      SN SERVICING CORPORATION