1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>Defendant | Case No.  3:21-cv-03355-WHO<br><br>**SETTLEMENT AGREEMENT AND RELEASE**<br><br>Case Assigned to Hon. William H. Orrick<br><br>Complaint Filed:     March 12, 2021<br>Trial Date:             None Yet |

**EXHIBIT 1**

1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is made and entered into by and among Plaintiff Desiree Schmitt ("Plaintiff"), individually and on behalf of the Settlement Class, and Defendant SN Servicing Corporation ("Defendant"), by and through their respective counsel.

## RECITALS

WHEREAS, on March 12, 2021, Plaintiff filed a class action complaint (the "Complaint") in the United States District Court for the Northern District of California (the "Court") entitled *Schmitt v. SN Servicing Corporation*, Case No. 3:21-cv-03355-WHO (the "Litigation");

WHEREAS, Defendant filed Motions to Dismiss Plaintiff's original Complaint and the First Amended Class Action Complaint;

WHEREAS, on November 23, 2021, Plaintiff filed the Second Amended Class Action Complaint ("SAC");

WHEREAS, the SAC asserts claims against Defendant for: 1) Negligence; and 2) Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq*., arising from the "Security Incident," as such term is defined in ¶ 1.34 hereof;

WHEREAS, the Settling Parties exchanged informal discovery regarding the Security Incident, the Representative Plaintiff's claims and Defendant's defenses; and participated in good faith, arm's-length settlement discussions during a day-long mediation with the Honorable Herbert Hoffman of Judicate West (the "Mediator") via videoconference on February 17, 2022, through which the basic terms of a settlement were negotiated and finalized;

WHEREAS, Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in this settlement and how best to serve the interests of the putative class in the Litigation. Based on this investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this Litigation, and the benefits to be received by the Settlement Class pursuant to this Agreement, that a settlement

with Defendant on the terms set forth in this Agreement is fair, reasonable, adequate and in the best interests of the putative class;

WHEREAS, Plaintiff, individually and on behalf of the Settlement Class, desires to settle the Litigation and all matters within the scope of the Release set forth herein, having taken into account the risks, delay and potential difficulties involved in obtaining class certification, establishing liability, the likelihood of recovery in excess of that offered by this Agreement, the prospect of appeal in the event of a favorable trial court outcome, the desirability of payment sooner rather than later, and the likelihood that the Litigation could be protracted and expensive;

WHEREAS, based upon their investigation and consideration of the risks of continuing to litigate this Litigation, the facts and law advocated by Defendant and the confidential feedback from the Mediator, Plaintiff and Class Counsel believe that it is desirable and in the best interests of the Settlement Class to enter into this Agreement;

WHEREAS, Defendant has denied and continues to deny (a) each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted in this Litigation, (b) that the Representative Plaintiff in the Litigation and the class she purports to represent have suffered any damage, and (c) that the Litigation satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Without acknowledging any fault or liability on the part of the Defendant, the Settling Parties have agreed to enter into this Agreement as an appropriate compromise of Representative Plaintiff and Settlement Class Members' claims to put to rest all controversy and to avoid the uncertainty, risk, and/or expense of burdensome, protracted, and costly litigation that would be involved in prosecuting and defending this Litigation. This Agreement is for settlement purposes only, and nothing in this Agreement shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Representative Plaintiff in this Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in this Litigation or in any other action;

WHEREAS, Defendant believes it is desirable and in its best interests to settle the Litigation and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Agreement, and subject to the cap on payment set by the Settlement Fund, in order to avoid the further expense, imposition, and distraction of litigation, the prospect of appeal in the event of a favorable trial court outcome, and in order to put to rest the claims that have been asserted in the Litigation and are within the scope of the Release;

WHEREAS, Defendant has agreed in this Agreement that it does and/or will take certain steps to enhance its information security programs, as described in ¶ 2.6;

WHEREAS, this Agreement is intended to fully, finally and forever resolve all claims and causes of action asserted, or that could have been asserted based upon the facts alleged in the SAC, against Defendant and the Released Persons, by and on behalf of the Representative Plaintiff and Settlement Class Members, and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States, relating to the Security Incident.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the Representative Plaintiff, Class Counsel, and Defendant, that, subject to the approval of the Court as provided for in this Agreement, the Litigation and Released Claims (including Unknown Claims) shall be fully and finally settled, compromised and released, and the Litigation shall be dismissed with prejudice, on the following terms and conditions:

## I. **DEFINITIONS**

As used in this Agreement, the following terms have the meanings specified below:

1.1.    "Active Borrower" means a Settlement Class Member who is currently receiving monthly statements for his/her account from Defendant.

1.2.    "Agreement" or "Settlement Agreement" means this agreement.

1.3.    "Approved Claims" means valid Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the dispute resolution process, as set forth in ¶ 7.2 of this Agreement.

1.4.   "Attorneys' Fees and Expenses Award" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorneys' fees and expenses in connection with this Litigation.

1.5.   "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members who submit Approved Claims, as provided in Sections II and VII of this Agreement.

1.6.   "Claim Form" means the claim form attached hereto as Exhibit A, or a claim form approved by the Court that is substantially similar to Exhibit A.

1.7.   "Claims Administration" means the dissemination of Class Notice, the processing of Settlement Claims received from Settlement Class Members, and the processing of payments of Approved Claims by the Claims Administrator.

1.8.   "Claims Administrator" means Angeion Group, LLC, or such other company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court.

1.9.   "Claims Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims. The Claims Deadline shall be set by the Court in the Preliminary Approval Order. The Settling Parties propose a Claims Deadline that is the 100th day after the date of entry of the Preliminary Approval Order.

1.10.  "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Deadline.

1.11.  "Class Counsel" means Mitchell Chyette of the Law Office of Mitchell Chyette, Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., and Marc E. Dann of DannLaw.

1.12.  "Class List" means a list of Settlement Class Members identified by Defendant, including such most recent email and mail addresses as are reasonably available to Defendant. The

Parties agree that the information in the Class List is confidential and private. In the event the Settlement is terminated as set forth in Article X, or Final Approval does not occur for any reason, Plaintiff, Class Counsel, and the Claims Administrator shall promptly return to Defendant's counsel, delete or destroy all copies of the Class List, and shall not use the Class List or any information in the Class List to contact Settlement Class Members or for any other reason.

1.13.  "Class Notice" means the notice of this Settlement that is contemplated by this Agreement, and which shall include the Long Notice, Summary Notice and Postcard Notice, substantially in the forms attached hereto as Exhibits B, E and F.

1.14.  "Class Period" means the period from October 15, 2020 through the date of Preliminary Approval.

1.15.  "Court" means the Honorable William H. Orrick of the United States District Court for the Northern District of California, or such other judge of the same court to whom the Litigation, or a proceeding in the Litigation, may be assigned.

1.16.  "Defendant" means SN Servicing Corporation.

1.17.  "Dispute Resolution Process" means the process for resolving disputed Settlement Claims as set forth in ¶ 7.2 of this Agreement.

1.18.  "Effective Date" means the date on which the Final Approval Order in the Litigation becomes "Final." "Final" means one business day after all of the following conditions have been satisfied: (a) the Final Approval Order has been entered; and (b)(i) if reconsideration and/or appellate review is not sought from the Final Approval Order, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (b)(ii) if reconsideration and/or appellate review is sought from the Final Approval Order: (A) the date on which the Final Approval Order is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Approval Order is no longer subject to judicial review.

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

1.19.  "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Agreement and the proposed settlement of the Litigation.

1.20.  "Final Approval Order" or "Judgment" means the Court's Final Approval Order and Judgment, substantially in the form attached hereto as Exhibit C, which, among other things, approves this Agreement and the Settlement as fair, adequate and reasonable and confirms the final certification of the Settlement Class.

1.21.  "Inactive Borrower" means a Class Member who is not currently receiving monthly statements for his/her account from Defendant.

1.22.  "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order.

1.23.  "Opt Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, and (ii) who does not rescind that Request for Exclusion before the end of the Opt Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

1.24.  "Opt Out Date" means the date by which Settlement Class Members must mail their Request for Exclusion in order for that request to be excluded from the Settlement Class to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt Out Date shall be 75 days after the date of entry of the Preliminary Approval Order.

1.25.  "Opt Out Period" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

1.26.  "Party" refers to any Plaintiff or Defendant, and "Parties" means Plaintiff and Defendant, collectively.

1.27.  "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and

7

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

DocuSign Envelope ID: EA35C7EE-8B1A-4959-946A-5C11572AD157

any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.28. "Personal Information" means information that is or could be used, whether on its own or in combination with other information, to identify, locate, or contact a person, and further includes borrowers' names, address, billing information, social security number, date of birth, driver's license information, and bank account information. The term "Personal Information" is not intended here, nor should be viewed, as having any bearing on the meaning of this term or similar terms in any statute or other source of law beyond this Agreement.

1.29. "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Agreement and the Settlement, and approval of the form and method of Class Notice, substantially in the form attached hereto as Exhibit D.

1.30. "Released Claims" means all claims, including Unknown Claims, up to the date of preliminary approval, including but not limited to, any claim, liability, right, demand, suit, matter, obligation, damage, including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action of every kind and description, whether in law, in equity, for administrative relief, or otherwise, that the Settlement Class Members had, have, or may have against Defendant and/or the Released Persons that result from, arise out of, are based upon, or relate to the Security Incident, that were or could have been alleged in the Litigation, based upon the facts alleged in the SAC including, without limitation, any claims, actions, causes of action (including under state consumer protection and privacy statutes, including without limitation those of Colorado, California, and Oregon), demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (2) the maintenance and storage of Settlement Class Members' Personal Information; (3) the Defendant's information security policies and practices; and (4) Defendant's notice of the Security Incident to Settlement Class Members. "Released Claims" does not include the right of any Settlement Class

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

Member or any of the Released Persons to enforce the terms of the Settlement contained in this Agreement, does not release any claims that are not related to or that do not arise in connection with the Security Incident or the allegations, facts or circumstances described in the Litigation and/or SAC, and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.31. "Released Persons" means Defendant and its past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, accountants, insurers, reinsurers, assigns subrogees, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Litigation, other than any third-party Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads nolo contendere to any such charge.

1.32. "Representative Plaintiff" means Desiree Schmitt.

1.33. "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Claims Administrator by a Settlement Class Member under Section V of this Agreement and is postmarked on or before the end of the Opt Out Period. For a Request for Exclusion to be properly completed and executed, it must: (a) list the caption of this Litigation, *Desiree Schmitt v. SN Servicing Corp., Case No. 21-cv-3355*; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a

1   Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking

2   exclusion. Settlement Class Members cannot exclude themselves from this Settlement by means of

3   a "mass" or "class" exclusion.

4       1.34. "Security Incident" means the data security incident whereby third parties may have

5   accessed Defendant's customers' Personal Information in connection with unauthorized access to

6   Defendant's electronic files on or about October 15, 2020.

7       1.35. "Service Award" means such funds as may be awarded by the Court to the

8   Representative Plaintiff in recognition of her time, effort, and service to the Settlement Class,

9   expended in pursuing the Litigation and in fulfilling her obligations and responsibilities as the

10  Representative Plaintiff.

11      1.36. "Settlement" means the resolution of the matters within the scope of this Agreement

12  and the Release set forth in this Agreement, and the completion of all conditions for Final Approval

13  and all requirements set forth in the Final Approval Order.

14      1.37. "Settlement Claim" means a claim for settlement benefits made under the terms of

15  this Agreement.

16      1.38. "Settlement Class" means all Persons whose Personal Information was accessed by

17  unknown third parties during the Security Incident. Defendant has represented that the Settlement

18  Class consists of approximately 285,983 Settlement Class Members.

19      1.39. "Settlement Class Member(s)" means a member(s) of the Settlement Class.

20      1.40. "Settlement Fund" means Nine Hundred Thousand Dollars ($900,000.00), which

21  shall be the sole and exclusive source of all costs of the Settlement, including payment to Settlement

22  Class Members, costs of Claims Administration, any Attorneys' Fees Award, and any Service

23  Award.

24      1.41. "Settling Parties" means, collectively, Defendant and Representative Plaintiff,

25  individually and on behalf of the Settlement Class.

26      1.42. "Unknown Claims" means any of the Released Claims that Representative Plaintiff

27  does not know or suspect to exist in her favor or in favor of any member of the class she represents

28

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

at the time of the release of the Released Persons that, if known, might have affected her settlement with, and release of, the Released Persons, or might have affected her decision to participate in this Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiff and Settlement Class Members expressly shall have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Representative Plaintiff and Settlement Class Members may hereafter discover facts in addition to, or different from, those that she now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiff and Settlement Class Members expressly shall have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims.

1.43.   As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise. All references to "days" shall be interpreted to mean calendar days unless otherwise expressly stated. When a deadline or date falls on a weekend or a legal holiday, the deadline or date shall be extended to the next day that is not a weekend day or legal holiday.

1.44.   Other terms are defined in the text of this Agreement, and shall have the meaning given to those terms in the text. It is the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.  SETTLEMENT RELIEF

2.1.    In consideration for the settlement and Release provided herein, Defendant will fund a Settlement Fund in the amount of Nine Hundred Thousand Dollars ($900,000.00) and provide the injunctive relief described in ¶ 2.6. Within 7 days of Preliminary Approval, Defendant shall deposit $250,000 into a qualified settlement fund held by the Claims Administrator. Within 7 days of Final Approval, Defendant will deposit the remaining $650,000 into the qualified settlement fund held by the Claims Administrator. Defendant shall not have any other financial obligation under the Agreement. In addition, under no circumstances will Defendant have any liability for taxes or tax expenses under the Agreement. The Settlement Fund shall be the only source of payment for all costs of the settlement, including: (a) payments to Settlement Class Members submitting valid Settlement Claims; (b) costs of Claims Administration; (c) the Attorneys' Fees and Expenses Award, if any, to Class Counsel; and (d) the Service Award, if any.

2.2.    **Payments to Settlement Class Members**. Settlement Class Members may make a Settlement Claim for an Award (of which there will be two Tiers) to be paid from the Settlement Fund. These Award Tiers are exclusive and not cumulative, and Settlement Class Members may not receive more than one Award total. If a Settlement Class Member submits a Claim Form seeking more than one Award, the Claims Administrator shall pay a single Award for the Tier supported by Defendant's business records and a valid Claim Form. Only one Settlement Claim may be submitted per Settlement Class Member. If more than one valid claim is submitted, the largest valid claim filed will be processed and the remaining claims will be denied as duplicative.

2.2.1.    **Award**. Every Settlement Class Member who submits an Approved Claim for an Award is eligible to receive an Award of up to $75.00 (within one of two Tiers, as described in this Paragraph), regardless of whether he or she experienced any identity theft as a result of the Security Incident. Tier 1 awards will initially be set at $75.00 for Settlement Class Members, as identified by Defendant's records, who potentially had their Social Security Number exposed in the Security Incident; and Tier 2 awards will initially be set at $25.00 for Settlement Class Members, as identified by Defendant's records, who potentially had their Personal Information,

but not Social Security Number, exposed in the Security Incident. The actual amount to be paid for Awards will be calculated further as described in ¶ 7.3 below, including with respect to proration based on claims made.

2.3.     **Continued Credit Monitoring and Identity Protection.** On or about July 7, 2021 Defendant secured complimentary credit monitoring and identity theft protection services from myTrueIdentity for all individuals affected by the Security Incident and encouraged individuals to take advantage of the complimentary services. As additional relief provided in this Settlement, and conditioned upon Final Approval, the Parties have agreed that Defendant shall purchase one additional year of myTrueIdentity credit monitoring and identity theft protection services for all Settlement Class Members who affirmatively opt into myTrueIdentity protection on their Claim Form.

2.4.     **Claims Process**. Settlement Class Members seeking an Award under this Agreement must complete and submit a written Claim Form to the Claims Administrator, postmarked or submitted electronically in accordance with the requirements for electronic submission of a Claim Form, on or before the Claims Deadline, which the Settling Parties propose shall be the 100th day after the date of entry of the Preliminary Approval Order. The Claim Form must be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief.

2.4.1.     **Confidentiality**. Information submitted by Settlement Class Members pursuant to this Agreement and in connection with a Settlement Claim shall be deemed confidential and protected as such by the Settling Parties and the Claims Administrator. This provision does not prohibit Class Counsel from reporting to the Court or filing in the public record the names of those Settlement Class Members who have submitted timely and valid requests for exclusion.

2.5.     **Eligibility to Submit Claim**. This Settlement does not prohibit a Settlement Class Member who accepted Defendant's offer, in response to the Security Incident, for a free year of identity protection services from also submitting a Settlement Claim under this Agreement.

2.6.    **Non-Monetary Relief**. As additional relief provided in this Settlement, Defendant agrees to take reasonable steps to enhance its information security program. As part of those efforts, Defendant agrees that it has taken or will take the following steps:

1) Maintain cadence of its penetration tests (including internal and external testing) at least once per quarter.

2) Maintain multi-factor authentication for its employees, vendors and borrowers.

3) Provide training to SN Servicing Corporation security personnel regarding any new or modified security procedure.

**III.    PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL**

3.1.    **Preliminary Approval**. As soon as practicable after the execution of the Agreement, Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form, which shall seek "Preliminary Approval" including:

(a)    Stay all proceedings in the Litigation other than those related to approval of the Settlement;

(b)    Preliminarily certify the Settlement Class for settlement purposes only and preliminarily approve this Agreement for purposes of issuing Class Notice;

(c)    Appoint Representative Plaintiff as the Settlement Class representative, for settlement purposes only;

(d)    Appoint Class Counsel as counsel of the Settlement Class, for settlement purposes only;

(e)    Approve the notice program, as set forth in Section IV herein (the "Notice Program");

(f)    Approve the form and contents of a long form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto as Exhibit B, a Summary Notice to be sent to Settlement Class Members ("Summary Notice") substantially similar to the one attached hereto as Exhibit E, and a postcard notice

("Postcard Notice") substantially similar to the one attached hereto as Exhibit F to be sent to Settlement Class Members, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the Settlement set forth in this Agreement, instructions for how to object to or submit a Request for Exclusion from the Settlement, the process and instructions for making Settlement Claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

(g)   Approve a Claim Form substantially similar to that attached hereto as Exhibit A;

(h)   Appoint the Claims Administrator;

(i)   Schedule an appropriate Opt Out Date, Objection Deadline, and other settlement-related dates and deadlines to be included in the Class Notice; and

(j)   Schedule the Final Approval Hearing.

3.1.1   Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as Exhibit D, and is otherwise consistent with this Agreement.

3.2.   **Final Approval**. Class Counsel and Defendant's counsel shall request that the Court hold a Final Approval Hearing after Class Notice is completed, and grant Final Approval of the Settlement set forth herein.

3.2.1   The proposed Final Approval Order that shall be filed with the motion for final approval and shall be in the form set forth in Exhibit C as agreed upon by Defendant and Class Counsel and shall seek "Final Approval" including:

(a)   Determine that the Agreement is fair, adequate, and reasonable;

(b)   Finally certify the Settlement Class for settlement purposes only;

(c)   Determine that the Notice Program satisfies due process requirements;

(d)   Dismiss all claims in the SAC with prejudice;

DocuSign Envelope ID: EA35C7F5-851A-4958-946A-5C115721D157

(e)     Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of the Agreement from asserting any of the Released Claims; and

(f)     Release and forever discharge Defendant and the Released Persons from the Released Claims, as provided for in this Agreement.

## IV.     NOTICE PROGRAM

4.1.    The Claims Administrator shall cause Class Notice to be disseminated to the Settlement Class pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be costs of Claims Administration.

4.2.    **Settlement Class List**. No later than 14 days after the date of entry of the Preliminary Approval Order, Defendant will provide the Claims Administrator with a Class List in Excel format that includes, to the extent available, the name, email address, and mailing address of each Settlement Class Member as reflected in Defendant's business records. The Class List will also identify whether a Settlement Class Member is an Active Borrower or an Inactive Borrower. In addition, the Class List will identify which Tier (1 or 2) each Settlement Class Member belongs to, as described in ¶ 2.2.1 herein.

4.3.    Class Notice shall be provided to the Settlement Class as follows:

4.3.1.    **Direct Notice via U.S. Mail to Active Borrowers**. Within 30 days after the date of entry of the Preliminary Approval Order, Defendant will send a Summary Notice and Claim Form to all Settlement Class Members who are Active Borrowers via (1) First Class U.S. Mail, in an envelope, along with the Active Borrowers' monthly statement for the applicable time frame, or (2) email to Active Borrowers that are enrolled in electronic billing.

4.3.2.    **Direct Notice via U.S. Mail to Inactive Borrowers.** Within 30 days after the date of entry of the Preliminary Approval Order, the Claims Administrator shall send Postcard

Notice via First Class U.S. Mail, postage pre-paid, to Settlement Class Members who are Inactive Borrowers. Within 20 days after sending such Postcard Notice, the Claims Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing of Summary Notice or Postcard Notice was not delivered.

4.3.3.  **Settlement Website**. Within 30 days after the date of entry of the Preliminary Approval Order, the Claims Administrator shall establish a dedicated settlement website that includes this Agreement, the Preliminary Approval Order entered by the Court, the Long Notice, and the Claim Form approved by the Court. The settlement website shall also have a downloadable Claim Form, and a Claim Form that can be completed electronically on the website. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Settlement, and the motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response, FAQs and an option to speak to a live operator shall also be made available by the Claims Administrator to address inquiries.

4.3.4  **CAFA Notice**. Pursuant to 28 U.S.C. § 1715, not later than 10 days after the Agreement is filed with the Court, Defendant shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

4.4.   The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

4.5.   The Long Notice, Summary Notice, Postcard Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval.

4.6.   Prior to the Final Approval Hearing, counsel for the Settling Parties shall cause to be

filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program. Within 14 days after the Claims Deadline, the Claims Administrator will provide the Parties' counsel with a declaration attesting to the Class Notice provided, and the number of claims received.

## V.   OPT OUT PROCEDURES

5.1.   Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

5.2.   To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order.

5.3.   Within 14 days after the Opt Out Date, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusion. Class Counsel shall present to the Court the number of opt-outs (if any) as part of the motion for final approval of the Settlement, which shall include the name of each Opt Out.

5.4.   All persons who Opt Out from the Settlement Class shall not receive any benefits of or be bound by the terms of this Agreement. All persons falling within the definition of the Settlement Class who do not Opt Out shall be bound by the terms of this Agreement and the Final Approval Order entered thereon.

5.5.   If more than 1,200 Settlement Class Members timely and validly Opt Out, then Defendant may, in its sole discretion, at any time on or before 21 days after the Opt Out Date, notify Class Counsel in writing that it has elected to terminate this Agreement. If this Agreement is terminated, it will be deemed null and void ab initio and the provisions in ¶ 10.4 shall apply.

## VI.   OBJECTION PROCEDURES

6.1.   Each Settlement Class Member who does not file a timely Request for Exclusion may file a notice of intent to object to the Settlement. The Class Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections to the following:

Clerk of Court
U.S. District for N.D. of California
450 Golden Gate Avenue
San Francisco, CA 94102

The Class Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2.    All such notices of an intent to object to the Agreement must be written, list the name of this Lawsuit, *Schmitt v. SN Servicing Corporation*, Case No. 3:21-cv-03355-WHO, and include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

6.3.    To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.4.    Except upon a showing of good cause, any Settlement Class Member who fails to comply with the requirements in Section VI for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Agreement, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Agreement shall be through the provisions of Section VI.

## VII.   CLAIMS ADMINISTRATION

7.1.    The Claims Administrator shall administer and calculate the Settlement Claims

19

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

DocuSign Envelope ID: EA35C7F5-851A-4958-946A-5C116721D157

submitted by Settlement Class Members. Class Counsel and Defendant's counsel shall periodically be given reports as to both Settlement Claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The determination by the Claims Administrator of the validity or invalidity of all Settlement Claims shall be binding, subject to the dispute resolution process set forth in ¶ 7.2.

7.2.    For each Settlement Claim submitted, the Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; and (2) the claimant has provided all information required to complete the Claim Form by the Claims Deadline. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the Settlement Claim.

7.2.1.    Upon receipt of an incomplete or unsigned Claim Form, the Claims Administrator shall request additional information and give the claimant 14 days to cure the defect before rejecting the Settlement Claim. Such requests shall be made within 21 days after the Claims Deadline. In the event of unusual circumstances interfering with compliance during the 14-day period, the claimant may request and, for good cause shown shall be given, a reasonable extension of the 14-day deadline in which to comply; however, in no event shall the deadline be extended past the Effective Date. If the defect is not cured, then the Settlement Claim will be deemed invalid and there shall be no obligation to pay the Settlement Claim.

7.2.2.    Following receipt of additional information requested by the Claims Administrator pursuant to ¶ 7.2.1, the Claims Administrator shall have 14 days to accept, in whole or lesser amount, or reject each Settlement Claim. If after review of the Settlement Claim and additional information submitted by the claimant, the Claims Administrator determines that such a Settlement Claim is valid, then the Settlement Claim shall be paid within the time period provided by ¶ 7.5. If the Settlement Claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the Settlement Claim, then

the Claims Administrator may reject the Settlement Claim without any further action apart from providing a notice of rejection of the Settlement Claim.

7.3.    The Claims Administrator shall adjust the payment amount of all Awards as follows:

7.3.1.  If the total dollar value of all Approved Claims at the payment amounts set forth in ¶ 2.2.1 is less than the amount remaining in the Settlement Fund after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Award, the Service Award, and Claims Administration costs have been paid in full out of the Settlement Fund, the payment amount for all Approved Claims shall be increased pro rata among all Settlement Class Members who submitted Approved Claims.

7.3.2.  If the total dollar value of all Approved Claims at the payment amounts set forth in ¶ 2.2.1 exceeds the amount remaining in the Settlement Fund after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Award, the Service Award, and Claims Administration costs have been paid in full out of the Settlement Fund, the payment amount for all Approved Claims shall be reduced pro rata among all Settlement Class Members who submitted Approved Claims.

7.4.    The Claims Administrator shall agree to hold the Settlement Fund in a non-interest-bearing account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1, et seq. Any taxes owed by the Settlement Fund shall be paid by the Claims Administrator out of the Settlement Fund.

7.5.    The Claims Administrator will mail Award checks or send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal, and agreed-upon by the Parties) for Approved Claims within the later of 90 days after the Effective Date or 30 days after all disputed claims have been resolved. No distributions will be made without authorization from the Parties' counsel. The Claims Administrator will conduct skip tracing and re-send checks that were returned as undeliverable. Award checks shall be valid for a period of 180 days from issuance, and shall state, in words or substance, that the check must be cashed within

180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Parties, the Parties' counsel, or Released Parties, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

7.6.    If there is any balance remaining in the Settlement Fund account 90 days after the Claims Administrator completes the process for stopping payment on any Award checks that remain uncashed, the Settling Parties will return to the Court seeking direction as to the disposition of these funds, including the selection of a cy pres recipient, which shall be a 501(c)(3) selected by the Settling Parties (subject to Court approval). The funds distributed pursuant to the cy pres provision set forth in this Paragraph shall not be considered unclaimed property under the laws of California or any other state.

7.7.    No Person shall have any claim against the Claims Administrator, Defendant, Defendant's counsel, Class Counsel, and/or the Representative Plaintiff based on distributions of benefits to Settlement Class Members or to the cy pres recipient named herein, if applicable.

7.8.    All Settlement Class Members who fail to timely submit a valid Settlement Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Agreement, the Releases contained herein and the Final Approval Order.

## VIII. **RELEASES**

8.1.    Upon the Effective Date, and in consideration of the settlement benefits described herein, each Settlement Class Member, including Representative Plaintiff, whether or not he or she

received an Award, will be deemed by this Agreement and by operation of the Final Approval Order to have completely and unconditionally released, forever discharged and acquitted the Released Persons from any and all of the Released Claims, and Representative Plaintiff will be deemed to have also released Unknown Claims (the "Release").

8.2.  The Agreement shall be the sole and exclusive remedy for any and all Released Claims of Settlement Class Members. Upon entry of the Final Approval Order, each member of the Settlement Class shall be barred from initiating, asserting, or prosecuting against any Released Person any claims, including Unknown Claims, that are released by operation of the Agreement and the Final Approval Order.

## IX.  CLASS COUNSEL'S ATTORNEYS' FEES AND REPRESENTATIVE PLAINTIFF'S SERVICE AWARD

9.1.  Class Counsel shall apply to the Court for an award of reasonable attorneys' fees, payable solely from the Settlement Fund, in an amount not to exceed thirty percent (30%) of the Settlement Fund, plus reimbursed expenses. Class Counsel will apply to the Court for such approval and will serve Defendant's counsel with such application no later than 35 days prior to the Objection Deadline. Defendant shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this Section.

9.2.  Class Counsel will request from the Court a Service Award for the Representative Plaintiff in an amount up to and including $5,000.00, to be paid solely from the Settlement Fund. Defendant shall take no position with regard to the Representative Plaintiff's request for a Service Award payment to the extent it does not exceed this amount.

9.3.  The Claims Administrator shall pay the Attorneys' Fees and Expenses Award and Service Award from the Settlement Fund to the Dann Law Firm Co. IOLTA account within 10 days after the Court executes an order (or orders) awarding such Attorneys' Fees and Expenses Award and Service Award. The Attorneys' Fees and Expenses Award will be allocated among Class Counsel as they see fit. In the event that the Effective Date does not occur, or the Final

Approval Order or the order making the Attorneys' Fees and Expenses Award is reversed or modified, or the Agreement is cancelled or terminated or modified for any other reason, and in the event that the Attorneys' Fees and Expenses Award has been paid to any extent, then Class Counsel shall, within 14 days after receiving notice from Defendant or from a court of appropriate jurisdiction, refund to the Settlement Fund, as appropriate, the amounts previously paid to Class Counsel, in an amount consistent with such reversal, modification, cancellation, or termination. Class Counsel, as a condition of receiving such fees and expenses, hereby agree that their respective law firms are each unconditionally obligated to make such refund of fees and expenses received by their respective law firms, and are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Section.

9.4.   The finality or effectiveness of the Agreement shall not depend upon the Court awarding any particular Attorneys' Fees and Expenses Award or Service Awards. No order of the Court, or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, expenses, and/or Service Award ordered by the Court to Class Counsel or Representative Plaintiff shall affect whether the Judgment is final or constitute grounds for cancellation or termination of this Agreement.

## X.   CONDITIONS OF SETTLEMENT, CANCELLATION, OR TERMINATION

10.1.   This Agreement is subject to and conditioned upon the occurrence of all of the following events:

(a) The Court has entered a Preliminary Approval Order as provided by ¶ 3.1;

(b) The Court has entered a Final Approval Order as provided by ¶ 3.2; and

(c) The Effective Date has occurred, as defined in ¶ 1.18.

10.2.   If all of the conditions in ¶ 10.1 are not fully satisfied and the Effective Date does not occur, the Agreement shall, without notice, be automatically terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Agreement.

10.3.   This Agreement shall survive any Court order issued prior to a ruling on Plaintiff's motion for final approval of the Settlement, including any order which has the effect of: (1)

dismissing this Litigation; (2) denying class certification; or (3) compelling arbitration of Plaintiff's claims, and in any such case the Parties shall endeavor in good faith to pursue consummation of the Agreement on the terms herein to the extent practicable. Nothing herein is intended to waive any conditions to the effectiveness of the Settlement, including as described in ¶ 10.1 of this Agreement.

10.4.  In the event of termination, this Agreement shall have no further force or effect regarding the Settling Parties' rights. The Parties shall be restored to their respective positions in the Litigation as of the date of the signing of this Agreement, and the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they have as to each other or any member of the Settlement Class.  Within 10 days after written notification of termination of this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Claims Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Claims Administrator to Defendant based upon written instructions provided by Defendant's counsel. The Settling Parties shall jointly request the Court to hold a scheduling conference for the purpose of establishing a new case schedule.

10.5.  Defendant conditionally agrees and consents to certification of the Settlement Class for settlement purposes only, and within the context of the Agreement only. If the Agreement, for any reason, is not finally approved or is otherwise terminated, Defendant reserves the right to assert any and all objections and defenses to certification of a class, and neither the Agreement nor any order or other action relating to the Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than this Settlement.

## XI.    MISCELLANEOUS PROVISIONS

11.1.  The Settling Parties and their counsel agree to undertake commercially reasonable efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement,

and any other steps and efforts which may become necessary by order of the Court or otherwise. The Settling Parties further agree to defend this Agreement against objections made to the Settlement or the Final Approval Order at the Final Approval Hearing or in any appeal of the Final Approval Order or in any collateral attack on this Agreement or Final Approval Order.

11.2.   The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Agreement compromises claims that are contested and shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Settling Parties each agree that the Settlement and this Agreement were negotiated in good faith and at arm's-length by the Settling Parties, and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel.

11.3.   The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

11.4.   Except as otherwise provided, this Agreement contains the entire agreement between the Settling Parties, and supersedes any prior agreements or understandings between them. All terms of this Agreement are contractual and not mere recitals, and shall be construed as if drafted by all Settling Parties to this Agreement. The terms of this Agreement are and shall be binding upon each of the Settling Parties to this Agreement, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

11.5.   Defendant shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of attorneys' fees and expenses to Class Counsel, and any claim that the term "Class Counsel" (as defined in ¶ 1.11 of this Agreement) fails to include any counsel, Person, or firm who

claims that they are entitled to a share of any attorneys' fees awarded to Class Counsel in this Litigation.

11.6.  Except as required by law or any other disclosure obligations, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this case or the Settlement; however, Defendant may respond to relevant posts on Defendant's website or social media sites, and a Party or the Party's counsel may also respond to any incoming press inquiry about this case or the Settlement with a responsive statement approved in advance by the opposing Party or the opposing Party's counsel. Counsel for the Parties may identify this case, its nature, the fact that it settled, and the terms of the Settlement on their personal or firm resumes and on their websites.

11.7.  This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of California.

11.8.  Any individual signing this Agreement on behalf of any Person represents and warrants that he or she has full authority to execute and enter into the terms and conditions of this Agreement on behalf of such Person.

11.9.  The Settling Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

11.10. All agreements made and orders entered during the course of Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

11.11. Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered by email, if to Defendant to the attention of the Defendant's counsel, or if to the Settlement Class to Class Counsel, or to other recipients as the Court may

specify.

11.12. This Agreement may be executed by the Settling Parties or their authorized representatives in one or more counterparts, each of which shall be deemed an original but all which together shall constitute one and the same instrument. Scanned signatures or signatures sent by email or facsimile shall be as effective as original signatures.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

1

## IT IS SO AGREED TO BY THE PARTIES:

2

6/14/2022

3    Dated:  June ___, 2022

4                                        *Desiree Schmitt*
                                         ──────────────────
                                         74DB9B041FD641A...
5                                        DESIREE SCHMITT

6

7    Dated:  June ___, 2022            SN SERVICING CORPORATION

8

9                                      ─────────────────────────────

10                                     BY: ───────────────────────────

11

12                                     ITS: ──────────────────────────

13

14              **[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## IT IS SO AGREED TO BY THE PARTIES:

2

3   Dated:  June ___, 2022

4

5                                              _____
                                               DESIREE SCHMITT

6

7   Dated:  June _9_, 2022                      SN SERVICING CORPORATION

8                                              _____

9

10                                             BY: ___Robin P. Arkley II____

11

12                                             ITS: ___President___

13

14            **[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**IT IS SO STIPULATED BY COUNSEL:**

2

       6/7/2022

3   Dated:  June \_\_\_, 2022              LAW OFFICE OF MITCHELL CHYETTE

4

5                                      Mitchell Chyette

6                                        *Attorney for Plaintiff*
                                        *Desiree Schmitt and the Settlement Class*

7       6/6/2022

8   Dated:  June \_\_\_, 2022              DANN LAW

9

10                                       Marc E. Dann

11                                        *Attorney for Plaintiff*
                                        *Desiree Schmitt and the Settlement Class*

12       6/6/2022

    Dated:  June \_\_\_, 2022              ZIMMERMAN LAW OFFICES, P.C.

13

14                                       Thomas A. Zimmerman, Jr.

15                                        *Attorney for Plaintiff*
                                        *Desiree Schmitt and the Settlement Class*

16

17   Dated:  June \_\_\_, 2022              MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

18

19                                        Joshua Briones

20                                        Arameh Zargham O'Boyle
                                        E. Crystal Lopez

21                                        *Attorneys for Defendant*
                                        *SN Servicing Corporation*

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT AND RELEASE
Case No. 3:21-cv-03355-WHO

1

## IT IS SO STIPULATED BY COUNSEL:

2

3   Dated:   June ____, 2022                    LAW OFFICE OF MITCHELL CHYETTE

4

5                                              _____
                                               Mitchell Chyette
6                                              *Attorney for Plaintiff*
                                               *Desiree Schmitt and the Settlement Class*
7

8   Dated:   June ____, 2022                    DANN LAW

9

10                                             _____
                                               Marc E. Dann
11                                             *Attorney for Plaintiff*
                                               *Desiree Schmitt and the Settlement Class*

12  Dated:   June ____, 2022                    ZIMMERMAN LAW OFFICES, P.C.

13

14                                             _____
                                               Thomas A. Zimmerman, Jr.
15                                             *Attorney for Plaintiff*
                                               *Desiree Schmitt and the Settlement Class*

16

17  Dated:   June 8, 2022                       MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

18                                             _____
                                               Joshua Briones
19
                                               Arameh Zargham O'Boyle
20                                             E. Crystal Lopez
                                               *Attorneys for Defendant*
21                                             *SN Servicing Corporation*

22

23

24

25

26

27

28

*SN Servicing Data Breach Settlement*
Case No. 3:21-cv-03355-WHO
UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA

## CLAIM FORM

You may receive a payment if you properly and timely complete this Claim Form, the Settlement is approved, and you are found to be eligible for a payment. To submit a Claim for a payment from the Settlement Fund, please fill out the Claim Form below and submit it via U.S. mail to the address below. You may also file a Claim Form online at www.SNDataBreachSettlement.com. The deadline to file a claim online is **11:59 p.m. PDT on _____, 2022**. If you send in a Claim Form by U.S. Mail, it must be postmarked on or before _____, 2022.

**You may receive a payment of either $75 (Tier 1) or $25 (Tier 2), depending on whether your Social Security number was exposed in the data breach. These amounts may be increased or decreased depending on the number of claims submitted.**

**\*Name:** [                    ]
(First Name / MI / Last Name or Business Name)

**\*Street Address 1:** [                    ]

**\*Street Address 2:** [                    ]

**\*City:** [                    ]

**\*State:** [                    ]

**\*Zip Code:** [ ][ ][ ][ ][ ] -- [ ][ ][ ][ ]

**\*Telephone Number:** [ ][ ][ ] -- [ ][ ][ ] -- [ ][ ][ ][ ]
(Telephone Number where you can be reached)

**Email Address:** [                    ]

\*I attest and certify that to the best of my knowledge I received a notice from SN Servicing Corporation stating that my personal information may have been exposed in a data breach.

**\*Signature:** _____   **\*Date:** _____

**Please select the manner in which payment will be issued for your valid Claim.**

    □ PayPal: _____ [Your PayPal Email Address]
    □ Venmo: _____ [Phone Number associated with your Venmo account]
    □ Zelle: _____ [Phone Number associated with your Zelle account]
    □ Virtual Prepaid Card: _____ [Your Email Address]
    □ Paper Check via Mail

**As part of the settlement, you are also entitled to 1 year of free myTrueIdentity credit monitoring and identity theft protection services from TransUnion. Please indicate whether you would like this free service:**

    □ Yes, I would like free credit monitoring    □ No, I do not want free credit monitoring

**EXHIBIT A**

**To submit a Claim by U.S. Mail, send your completed Claim Form to:**

SN Servicing Data Breach Settlement
c/o Angeion Group
_[ADDRESS]_____
_[ADDRESS]_____

The Class Notice describes your legal rights and options. You can obtain the **Class Notice and further information** about the Litigation, the Settlement Agreement, and your legal rights and options on the official Settlement website, www.SNDataBreachSettlement.com, or by calling 1-800-xxx-xxxx.

**To:** **All individuals identified by SN Servicing Corporation and to whom SN Servicing Corporation sent notice that their information may have been exposed in the Security Incident defined below (the "Settlement Class Members").**

A proposed Settlement has been reached in a class action lawsuit titled, *Schmitt v. SN Servicing Corporation, Inc.*, Case No. 3:21-cv-03355-WHO (N.D. Cal.). The lawsuit asserted claims against Defendant SN Servicing Corporation related to a data security incident whereby third parties may have accessed Defendant's customers' personal information in connection with unauthorized access to Defendant's electronic files on or about October 15, 2020 (the "Security Incident"). SN Servicing Corporation notified consumers about the Security Incident in January and July 2021. Defendant denies all of the claims and denies that it did anything wrong.

The Settlement offers payments to Settlement Class Members who were sent notice that they were potentially affected by the Security Incident. The amount paid will depend upon how many people submit valid claims and whether:

1) the Settlement Class Member potentially had their Social Security Number exposed in the Security Incident (preliminarily set at **$75.00** per Settlement Class Member in this category and subject to adjustment based on the number of claims made); or
2) the Settlement Class Member potentially had their personal information, but not Social Security Number, exposed in the Security Incident (preliminarily set at **$25.00** per Settlement Class Member and subject to adjustment based on the number of claims made).

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** | You must submit a valid claim form to receive a payment from this Settlement. The deadline to submit a Claim Form is _____, 2022. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendant over the claims resolved in the Settlement. |
| **EXCLUDE YOURSELF DEADLINE:** | You may exclude yourself from this Settlement and keep your right to sue separately. If you exclude yourself, you receive no payment. Exclusion instructions are provided in this notice. The deadline to exclude yourself is _____, 2022 |
| **OBJECT DEADLINE:** | If you do not exclude yourself, you may write to the Court to state why you do not like the Settlement by following the instructions in this notice. The Court may reject your objection. You must still file a claim if you desire any monetary relief under the Settlement. The deadline to object to the Settlement is _____, 2022 |

The court must give final approval to the settlement before it takes effect, but has not yet done so. No payments will be made until after the court gives final approval and any appeals are resolved.

**EXHIBIT B**

**Please review this notice carefully.** You can learn more about the Settlement by visiting **www.SNDataBreachSettlement.com.com** or by calling 1-800-XXX-XXXX.

### Further Information about this Notice and the Lawsuit

*1.    Why was this Notice issued?*

You received this notice because you may be a Settlement Class Member able to receive payment from a proposed settlement of the class action lawsuit *Schmitt v. SN Servicing Corporation, Inc.*, Case No. 3:21-cv-03355-WHO (the "Lawsuit"), filed in United States District Court for the Northern District of California. The Court authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. The Notice explains certain legal rights and options you have in connection with that settlement.

*2.    What is the Lawsuit about?*

The Lawsuit is a proposed class action lawsuit brought on behalf of SN Servicing Corporation customers whose Personal Information may have been accessed and/or compromised by unauthorized individuals as part of the Security Incident. The potentially-exposed information ("Personal Information") may include borrowers' names, address, billing information, social security number, date of birth, driver's license information, and bank account information.

The Lawsuit claims Defendant is legally responsible for the Security Incident and asserts various legal claims, including negligence and violations of Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq*. Defendant denies these claims and denies that it did anything wrong.

*3.    Why is the Lawsuit a class action?*

In a class action, one or more representative plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all of these people are the "class" and each individually is a "class member." There is one Representative Plaintiff in this case: Desiree Schmitt. The class in this case is referred to in this Notice as the "Settlement Class."

*4.    Why is there a Settlement?*

The Representative Plaintiff in the Lawsuit, through her attorneys, investigated the facts and law relating to the issues in the Lawsuit. The Representative Plaintiff and Class Counsel believe that the settlement is fair, reasonable, and adequate and will provide substantial benefits to the Class. The Court has not decided whether the Representative Plaintiff's claims or Defendant's defenses have any merit, and it will not do so if the proposed settlement is approved. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will receive compensation. The settlement does not mean that Defendant did anything wrong, or that the Representative Plaintiff and the Class would or would not win their case if it were to go to trial.

## Terms of the Proposed Settlement

*5.     Who is in the Settlement Class?*

The Settlement Class is defined by the Court as all Persons whose Personal Information was accessed by unknown third parties during the Security Incident.

*6.     What are the terms of the Settlement?*

The proposed Settlement would create a Settlement Fund of $900,000.00 that would be used to pay all costs of the settlement, including: (i) payments to Settlement Class Members who submit valid claims; (ii) costs of Claims Administration; (iii) any attorneys' fees and expenses awarded by the Court to Class Counsel (up to $270,000); and (iv) any service award to the Representative Plaintiff awarded by the Court (up to $5,000). The Settlement also releases all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Security Incident, as detailed in the Settlement Agreement.

*7.     What claims are Settlement Class Members giving up under the Settlement?*

Settlement Class Members who do not validly exclude themselves from the Settlement will be bound by the Settlement Agreement and any final judgment entered by the Court, and will give up their right to sue Defendant for the claims being resolved by the Settlement, including all claims or potential claims of Settlement Class Members against Defendant arising from or related to the Security Incident. The claims that Settlement Class Members are releasing are described in Section 1.30 of the Settlement Agreement, and the persons and entities being released from those claims are described in Section 1.31 of the Settlement Agreement. Section VIII of the Settlement Agreement explains when such releases will occur.

## Settlement Benefits to Settlement Class Members

*8.     What kind of payments can Settlement Class Members receive?*

Settlement Class Members who submit valid claims may receive one of two types of payments to be paid from the Settlement Fund: (1) a Tier 1 Award; or (2) a Tier 2 Award. Settlement Class Members may receive only one Award. Depending on how many valid claims are submitted, the amount of each Award may be adjusted upward or downward proportionally among Settlement Class Members submitting valid claims, as explained further below in Question 11. Only one Settlement Claim may be submitted per Settlement Class Member.

*9.     What is a Tier 1 Award?*

Settlement Class Members who potentially had their Social Security number exposed in the Security Incident will receive $75.00, subject to upward or downward adjustment depending upon how many Settlement Class Members file claims.

*10.      What is a Tier 2 Award?*

Settlement Class Members who potentially had Personal Information, but not their Social Security number, exposed in the Security Incident will receive $25.00, subject to upward or downward adjustment depending upon how many Settlement Class Members file claims.

*11.      When and how will the amount of Settlement Payments be adjusted?*

The amounts paid for both Tier 1 & 2 Awards will be adjusted upward or downward from the amounts listed in Questions 9-10 above depending on how many Settlement Class Members submit valid claims.

If the total dollar value of all valid claims is less than the amount of money available in the Settlement Fund for payment of Settlement Class Member claims at the amounts listed in Questions 9-10 above, the amount of payment for Tier 1 & 2 Awards will be adjusted upward proportionally among all valid claims.

If the total dollar value of all valid claims is more than the amount of money available in the Settlement Fund for payment of Settlement Class Member claims at the amounts listed in Questions 9-10 above, the Tier 1 & 2 Awards will be adjusted downward proportionally among all valid claims.

*12.      What happens after all claims are processed and there are funds remaining?*

If there are any funds remaining after all valid claims are processed and the time to cash any payment checks has passed, those funds shall be distributed as directed by the Court, including potential distribution to a charitable organization. No remaining funds will be returned to Defendant.

*13.      Credit Monitoring and Identity Theft Protection.*

As additional relief provided in this Settlement, the parties have agreed that Defendant shall purchase one additional year of myTrueIdentity credit monitoring and identity theft protection services for all Settlement Class Members who affirmatively opt into myTrueIdentity protection on their Claim Form. There is no charge to you if you choose to accept this service.

### **Your Options as a Settlement Class Member**

*14.      If I am a Settlement Class Member, what options do I have?*

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. **However, if you wish to seek a Settlement Award, you <u>must</u> complete and submit a Claim Form postmarked or submitted online by _____, 2022.** You may submit a Claim Form online at **www.SNDataBreachSettlement.com**.

If you do not want to give up your right to sue Defendant about the Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 18 below for instructions on how to exclude yourself.

If you object to the settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and file a written objection with the Clerk of the Court at the address in Question 21 below. If you object, you must still submit a claim if you want any monetary relief.

*15.     What happens if I do nothing?*

If you do nothing, you will get no Settlement Award from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant related to the claims released by the Settlement.

*16.     How do I submit a claim?*

You may complete the Claim Form online at **www.SNDataBreachSettlement.com.** You may also obtain a paper Claim Form by downloading it at **www. SNDataBreachSettlement.com** or by calling the claims administrator at **1-800-xxx-xxxx**. If you choose to complete a paper Claim Form you may either submit the completed and signed Claim Form and any supporting materials electronically at **www. SNDataBreachSettlement.com** or mail them to:

> Angeion Group
> Address
> Address

*17.     Who decides my Settlement claim and how do they do it?*

The Claims Administrator will initially decide whether a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

*18.     How do I exclude myself from the Settlement?*

You must make a written request that (a) lists the caption of this Litigation, *Desiree Schmitt v. SN Servicing Corp., Case No. 21-cv-3355*; (b) states your full name, address and telephone number; (c) contains your personal and original signature or the original signature of a person authorized by law to act on your behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) states unequivocally your intent to be excluded from the Settlement. You must mail your request to this address:

> Angeion Group
> Address

5

<mark>Address</mark>

Your request must be postmarked by _____, **2022.**

19.     *If I exclude myself, can I receive any payment from this Settlement?*

No. If you exclude yourself, you will not be entitled to any Award. However, you will also not be bound by any judgment in this Lawsuit.

20.     *If I do not exclude myself, can I sue Defendant for the Security Incident later?*

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

21.     *How do I object to the settlement?*

All Settlement Class Members who do not request exclusion from the Settlement Class have the right to object to the settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing and it, and any supporting papers, must be submitted to the Court by mailing it to the Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California. Objections must be filed or postmarked no later than _____, **2022.**

To be considered by the Court, your objection must list the name of this Lawsuit, *Schmitt v. SN Servicing Corporation*, Case No. 3:21-cv-03355-WHO, and include all of the following information: (i) your name, address, phone number, and an email address (if you have one); (ii) a statement that you are a member of the Settlement Class and any proof of your membership (*e.g.*, a copy of a notice of the Security Incident sent to your physical or email address); (iii) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) a detailed statement of the specific legal and factual bases for all of your objections, along with any applicable legal support; (v) the identity of any lawyer representing you; (vi) a statement whether you intend to appear at the Final Approval Hearing, and the identity of any lawyer(s) who will attend that hearing with you or on your behalf; (vii) a list of anyone you plan to have testify at the Final Approval Hearing in support of your objection; and (viii) your signature and the signature of your attorney or other authorized representative.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## Court Approval of the Settlement

*22.    How, when and where will the Court decide whether to approve the Settlement?*

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. That hearing is scheduled for _____, **2022 at _____.m.** at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. Please visit the Court's website at https://www.cacd.uscourts.gov for current information regarding courthouse access, court hearings, and filing information. At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court will also consider Class Counsel's request for attorneys' fees and expenses, and the request for a service award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check www.SNDataBreachSettlement.com or access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://www.ecf.cand.uscourts.gov to confirm the schedule if you wish to attend.

*23.    Do I have to attend the hearing?*

No. You do not need to attend the Final Approval Hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 21. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

*24.    What happens if the Court approves the Settlement?*

If the Court approves the Settlement and no appeal is taken, the Settlement Fund will be funded. The Claims Administrator will pay any Attorney Fees' Award and any Representative Plaintiff Award from the Settlement Fund. Then, within the later of 90 days after the Effective Date or 30 days after all disputed claims have been resolved, the Claims Administrator will send Settlement Payments to Settlement Class Members who submitted timely and valid Settlement Claims. No distributions will be made without authorization from the parties.

If any appeal is taken, it is possible the Settlement could be disapproved on appeal.

*25.    What happens if the Court does not approve the Settlement?*

If the Court does not approve the Settlement, no Settlement Fund will be created, there will be no Settlement Payments to Settlement Class Members, Class Counsel or the Representative Plaintiff, and the case will proceed as if no Settlement had been attempted.

## **Lawyers for the Settlement Class and Defendant**

26.    *Who represents the Settlement Class?*

The Court has appointed the following Class Counsel to represent the Settlement Class and Settlement Class Members in this Lawsuit:

---

Mitchell Chyette
Law Office of Mitchell Chyette
125 12th Street, Suite 100-BALI
Oakland, CA 94607-3699
Phone: (510) 388-3748
Fax: (510) 680-3760
Email:  mitch@chyettelaw.com

Marc E. Dann
Dann Law
15000 Madison Avenue
Cleveland, OH 44107
Phone:  (216) 373-0537
Fax:  (216) 373-0536
Email: mdann@dannlaw.com; notices@dannlaw.com

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Phone:  (312) 440-0020
Fax:  (312) 440-4180
Email:  tom@attorneyzim.com

---

Settlement Class Members will not be charged for the services of Class Counsel; Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

27.    *How will the lawyers for the Settlement Class be paid?*

Class Counsel will request the Court's approval of an award for attorneys' fees up to 30% of the Settlement Fund (or up to $270,000), plus reasonable expenses, which shall be paid from the Settlement Fund. Class Counsel will also request approval of service award of up to $5,000 for the Representative Plaintiff, which shall also be paid from the Settlement Fund.

28.     *Who represents Defendant in the Lawsuit?*

Defendant is represented by the following lawyers:

| |
|---|
| Joshua Briones |
| jbriones@mintz.com |
| Arameh Zargham O'Boyle |
| azoboyle@mintz.com |
| E. Crystal Lopez |
| eclopez@mintz.com |
| Matthew Novian |
| mjnovian@mintz.com |
| MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. |
| 2029 Century Park East, Suite 3100 |
| Los Angeles, CA 90067 |
| Telephone:  (310) 586-3200 |
| Facsimile:   (310) 586-3202 |

## **For Further Information**

29.     *What if I want further information or have questions?*

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.SNDataBreachSettlement.com, by contacting Class Counsel at the phone numbers provided in Question 26 above, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Angeion Group, LLC will act as the Claims Administrator for the Settlement. You can contact the Claims Administrator at:

Address
Address
1-800-xxx-xxxx

1  Joshua Briones (SBN 205293)
   jbriones@mintz.com
2  Arameh Zargham O'Boyle (SBN 239495)
   azoboyle@mintz.com
3  E. Crystal Lopez (SBN 296297)
   eclopez@mintz.com
4  Matthew Novian (SBN 324144)
   mjnovian@mintz.com
5  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   2029 Century Park East, Suite 3100
6  Los Angeles, CA 90067
   Telephone:  (310) 586-3200
7  Facsimile:   (310) 586-3202

8  Attorneys for Defendant,
   SN SERVICING CORPORATION

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  DESIREE SCHMITT, individually and on       Case No.  3:21-cv-03355-WHO
    behalf of all others similarly situated,
14                                             **[PROPOSED] FINAL APPROVAL
                      Plaintiffs,              ORDER AND JUDGMENT**
15
              vs.                              Case Assigned to Hon. William H. Orrick
16
    SN SERVICING CORPORATION, an Alaska        Complaint Filed:    March 12, 2021
17  Corporation,                               Trial Date:         None Yet

18                    Defendant

19

20

21

22

23

24

25

26

27

28                        **EXHIBIT C**
                              1
    _____
    [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
                Case No. 3:21-cv-03355-WHO

On _____, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the _____, 2022 Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Desiree Schmitt, individually and on behalf of the Settlement Class (as defined below), and Defendant SN Servicing Corporation.[1]

Commencing on _____, 2022, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Angeion Group (the "Claims Administrator"), provided Notice to Settlement Class Members in compliance with Section IV of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

     (a)     fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

     (b)     advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

     (c)     provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

     (d)     provided the time, date, and place of the Final Approval Hearing.

On _____, 2022, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The

---

[1]     Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1.      The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.      The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties and a third party mediator. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3.      The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4.      The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5.      _____ objections to the Settlement were submitted by Settlement Class Members. The Court has considered all objections and finds that they do not warrant or support rejection or non-

approval of the Settlement. All objections are hereby overruled in all respects. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.    _____ persons made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7.    Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All Persons whose Personal Information was accessed by unknown third parties during unauthorized access to Defendant's electronic files on or about October 15, 2020.

8.    The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9.    The Court grants final approval to the appointment of Representative Plaintiff Desiree Schmitt as the class representative, and concludes that she has fairly and adequately represented the Settlement Class and shall continue to do so.

10.    The Court grants final approval to the appointment of the Law Office of Mitchell Chyette, Dann Law, and Zimmerman Law Offices, P.C. as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

11.    The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement

1   Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement,

2   to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement

3   Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United

4   States Constitution, and all other applicable law.

5   **ATTORNEYS' FEES AND COSTS, SERVICE AWARDS**

6   12.    The Court awards Class Counsel $_____ in fees and reimbursement of

7   $_____ in costs. The Court finds these amounts to be fair and reasonable. Payment shall

8   be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement

9   Agreement.

10   13.    The Court awards $_____ to the Representative Plaintiff as a service award. The

11   Court finds this amount is justified by her service to the Settlement Class. Payment shall be made

12   from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

13   **RELEASE**

14   14.    Each Settlement Class Member, including Representative Plaintiff, are: (1) deemed

15   to have completely and unconditionally released, forever discharged and acquitted Defendant and

16   the other Released Persons from any and all of the Released Claims (including Unknown Claims)

17   as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting,

18   instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release

19   described in this paragraph are set forth in Paragraphs 1.30-1.31 and 8.1 of the Settlement

20   Agreement and are specifically approved and incorporated herein by this reference (the "Release").

21   In addition, Representative Plaintiff and Settlement Class Members are deemed to have waived (i)

22   the provisions of California Civil Code § 1542, which provides that a general release does not

23   extend to claims that the creditor or releasing party does not know or suspect to exist in his or her

24   favor at the time of executing the release and that, if known by him or her, would have materially

25   affected his or her settlement with the debtor or released party, and (ii) any law of any state or

26   territory of the United States that is similar, comparable, or equivalent to California Civil Code §

27   1542.

28

5

15.     The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Representative Plaintiff and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

16.     The Settlement Fund, consisting of nine hundred thousand dollars and no cents ($900,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiff's Service Award.

17.     If any money remains in the Settlement Fund after the payment of all Settlement payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiff's Service Award, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a cy pres recipient, pursuant to paragraph 7.6 of the Settlement Agreement.

18.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

19.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and

Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

20.     Consistent with paragraph 10.4 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of its provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Representative Plaintiff's Service Award, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

21.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

22.     The Court hereby dismisses this case in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE**, the Court hereby enters judgment in this matter pursuant to rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED:**



_____
HONORABLE WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE

Joshua Briones (SBN 205293)
jbriones@mintz.com
Arameh Zargham O'Boyle (SBN 239495)
azoboyle@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew Novian (SBN 324144)
mjnovian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendant,
SN SERVICING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>Defendant | Case No. 3:21-cv-03355-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Case Assigned to Hon. William H. Orrick<br><br>Complaint Filed:    March 12, 2021<br>Trial Date:         None Yet |

**EXHIBIT D**

1

1       This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of

2  the proposed class action settlement. Plaintiff, individually and on behalf of the proposed

3  Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated

4  April __, 2022 (the "Settlement Agreement") that, if approved, would settle the above-captioned

5  litigation. Having considered the motion, the Settlement Agreement together with all exhibits and

6  attachments thereto, the record in this matter, and the briefs and arguments of counsel, **IT IS**

7  **HEREBY ORDERED** as follows:

8       1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the

9  same meanings ascribed to those terms in the Settlement Agreement.

10       2.    The Court has jurisdiction over this litigation, Representative Plaintiff, Defendant,

11  and Settlement Class Members, and any party to any agreement that is part of or related to the

12  Settlement Agreement.

13  **PRELIMINARY APPROVAL**

14       3.    The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits

15  and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel and

16  the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement

17  Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with

18  the assistance of Herbert Hoffman, Esq. of Judicate West during a day-long mediation session on

19  February 17, 2022, through which the basic terms of the settlement were negotiated and finalized.

20  The Court further observes that the Settlement Agreement is the product of an informal exchange

21  of fact discovery. The terms of the Settlement Agreement fall within the range of possible approval

22  as fair, reasonable, and adequate.

23       4.    The Court therefore GRANTS preliminary approval of the Settlement Agreement

24  and all of the terms and conditions contained therein.

25  **PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

26       5.    Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for

27  settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

28

[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (Case No. 3:21-cv-03355-WHO)

All Persons whose Personal Information was accessed by unknown third parties during unauthorized access to Defendant's electronic files on or about October 15, 2020.

6.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is so numerous that joinder of all members is impracticable, as there are more than 200,000 Settlement Class Members; (2) there are questions of law or fact common to the Settlement Class, including (a) whether Defendant owed a duty to Settlement Class Members to safeguard their Personal Information, (b) whether Defendant implemented adequate security measures to protect Settlement Class Members' Personal Information, (c) whether Defendant breached a duty to safeguard Settlement Class Members' Personal Information, (d) whether Defendant timely notified Settlement Class Members of the data security incident, and (e) whether Defendant is liable for damages allegedly suffered by Settlement Class Members arising from the data security incident; (3) the Representative Plaintiff's claims are typical of those of Settlement Class Members, as the claims are based on the same legal and factual issues, and Defendant's alleged conduct was uniform to the Representative Plaintiff and Settlement Class Members; and (4) the Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class, as the Representative Plaintiff has participated in this litigation, attended the mediation, and retained counsel competent and experienced in complex class actions.

7.     The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.     The Court hereby appoints Desiree Schmitt as the Representative Plaintiff of the Settlement Class.

9.     The Court hereby appoints as Class Counsel the Law Office of Mitchell Chyette, Dann Law, and Zimmerman Law Offices, P.C.

### NOTICE AND ADMINISTRATION

3

10.     Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC as the Claims Administrator. Angeion Group shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.     The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13.     The Court also approves the Claim Form attached as Exhibit A to the Settlement Agreement.

## **EXCLUSION AND OBJECTIONS**

14.     Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than _____, 2022. To be valid, each request for exclusion must be made in writing and: (a) list the caption of this Litigation, *Desiree Schmitt v. SN Servicing Corp., Case No. 21-cv-3355*; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from

the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

15.     All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.     Settlement Class Members who wish to object to the Settlement may do so by filing a written objection with the Court in accordance with the procedures outlined in the Class Notice, filed or postmarked no later than _____, 2022. Any Settlement Class Member wishing to object to the Settlement Agreement shall mail the objection to the Court at: Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. The written objection must list the name of this Lawsuit, *Schmitt v. SN Servicing Corporation*, Case No. 3:21-cv-03355-WHO, and contain all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

17.     Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the

Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18.     The Court will hold a Final Approval Hearing at _____ m. on _____, 2022 in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

19.     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service award sought for Representative Plaintiff should be granted.

20.     The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| EVENT | DATE |
|---|---|
| Defendant to provide Settlement Class Member data to Claims Administrator | 14 days after entry of the Preliminary Approval Order |
| Notice Program per Settlement Agreement commences with the establishment of the settlement website | 30 days after the date of entry of the Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Award | 35 days prior to the Objection Deadline |
| Opt-Out and Objection Deadlines | 75 days after entry of the Preliminary Approval Order |
| Claims Deadline | 100 days after entry of the Preliminary Approval Order |
| Motion for Final Approval | 14 days prior to the Final Approval Hearing |

21.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22.    All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.    In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission or concession by any Settling Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

_____
HONORABLE WILLIAM ORRICK
U.S. DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Case No. 3:21-cv-03355-WHO)

[DATE]

[Class Member Name]
[Address]
[Address]

Re: Notice of Class Action Settlement

**YOU MAY BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT IF SN SERVICING CORPORATION PREVIOUSLY NOTIFIED YOU THAT YOUR INFORMATION MAY HAVE BEEN EXPOSED IN A DATA SECURITY INCIDENT THAT AFFECTED ITS ELECTRONIC FILES.**

A proposed settlement has been given preliminary approval in a class action lawsuit against SN Servicing Corporation ("SNSC") related to a data security incident on or about October 15, 2020 whereby third parties may have accessed SNSC's customers' personal information. This incident was previously disclosed to consumers by SNSC in January and July 2021. The lawsuit is *Schmitt v. SN Servicing Corporation,* United States District Court, Northern District of California, Case No. 3:21-cv-03355-WHO. SNSC denies all of the claims and denies that it did anything wrong.

**The sole purpose of this notice is to inform you of the lawsuit and the settlement so that you may decide what steps to take in relation to it.**

The Settlement provides for the payment to Settlement Class Members of either a $75 Tier 1 Award or a $25 Tier 2 Award. The amount paid as an Award may increase or decrease depending upon, among other things, how many people submit valid claims. The settlement also provides for 1 year of free credit monitoring and identity theft protection.

More information regarding the settlement, including information on the Award, your rights under the settlement, instructions on how to be excluded from the settlement or object to the settlement, and a form to fill-out to obtain a monetary Award, please visit **www.SNDataBreachSettlement.com**, where you will find a more detailed notice and pertinent case documents.

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.SNDataBreachSettlement.com, by contacting class counsel Marc Dann at (216) 373-0537 or Tom Zimmerman at (312) 440-0020, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**There are deadlines associated with the choices you may make regarding the settlement. The last day to exclude yourself from the settlement or to object to the settlement is _____, 2022. The last day to submit a claim for settlement benefits is _____, 2022.**

The Court will hold a hearing on _____, 2022, at which time the Court will consider any objections, decide what attorneys' fees, expenses, and service award to award, and decide whether to approve the settlement. This date may change without further notice to you, so you should check the settlement website www.SNDataBreachSettlement.com, or the Court's PACER website https://ecf.cand.uscourts.gov to confirm that the date has not changed.

**EXHIBIT E**

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

*Schmitt v. SN Servicing Corp.,*
**Settlement [Settlement Administrator address]**

**Legal Notice of Class Action Settlement**

FIRST-CLASS MAIL US POSTAGE

**Why am I getting this Notice?** You may be a class member in a proposed class action settlement if SN Servicing Corporation previously notified you that your information may have possibly been exposed in a data breach that affected its electronic files.

[Class member

_____

_____

**For more information on the settlement, see the reverse of this card or go to www.SNDataBreachSettlement.com**

**Class Action Settlement in *Schmitt v. SN Servicing Corporation.***

**YOU MAY BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT IF SN SERVICING CORPORATION PREVIOUSLY NOTIFIED YOU THAT YOUR INFORMATION MAY HAVE BEEN EXPOSED IN A DATA SECURITY INCIDENT THAT AFFECTED ITS ELECTRONIC FILES.**

A proposed settlement has been given preliminary approval in a class action lawsuit against SN Servicing Corporation ("SNSC") related to a data security incident on or about October 15, 2020 whereby third parties may have accessed SNSC's customers' personal information. This incident was previously disclosed to consumers by SNSC in January and July 2021. The lawsuit is *Schmitt v. SN Servicing Corporation,* United States District Court, Northern District of California, Case No. 3:21-cv-03355-WHO. SNSC denies all of the claims and denies that it did anything wrong.

**The sole purpose of this notice is to inform you of the lawsuit and the settlement so that you may decide what steps to take in relation to it.**

The Settlement provides for the payment to Settlement Class Members of either a $75 Tier 1 Award or a $25 Tier 2 Award. The amount paid as an Award may increase or decrease depending upon, among other things, how many people submit valid claims. The settlement also provides for 1 year of free credit monitoring and identity theft protection.

More information regarding the settlement, including information on the Award, your rights under the settlement, instructions on how to be excluded from the settlement or object to the settlement, and a form to fill-out to obtain a monetary Award, please visit **www.SNDataBreachSettlement.com**, where you will find a more detailed notice and pertinent case documents.

**There are deadlines associated with the choices you may make regarding the settlement. The last day to exclude yourself from the settlement or to object to the settlement is _____, 2022. The last day to submit a claim for settlement benefits is _____, 2022.**

**Please visit www.SNDataBreachSettlement.com to obtain important information regarding the settlement and your rights.**

**EXHIBIT F**