UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>Defendant | Case No. 3:21-cv-03355-WHO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1  This matter is before the Court on Plaintiff's unopposed motion for preliminary approval of the proposed class action settlement. Plaintiff, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated June 14, 2022 (the "Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meanings ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Representative Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Herbert Hoffman, Esq. of Judicate West during a day-long mediation session on February 17, 2022, through which the basic terms of the settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of fact discovery. The terms of the Settlement Agreement fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein. **The parties should note the necessary amendments to the Notice Form, described in detail below.**

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows:

> All Persons whose Personal Information was accessed by unknown third parties during unauthorized access to Defendant's electronic files on or about October 15, 2020.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is so numerous that joinder of all members is impracticable, as there are more than 200,000 Settlement Class Members; (2) there are questions of law or fact common to the Settlement Class, including (a) whether Defendant owed a duty to Settlement Class Members to safeguard their Personal Information, (b) whether Defendant implemented adequate security measures to protect Settlement Class Members' Personal Information, (c) whether Defendant breached a duty to safeguard Settlement Class Members' Personal Information, (d) whether Defendant timely notified Settlement Class Members of the data security incident, and (e) whether Defendant is liable for damages allegedly suffered by Settlement Class Members arising from the data security incident; (3) the Representative Plaintiff's claims are typical of those of Settlement Class Members, as the claims are based on the same legal and factual issues, and Defendant's alleged conduct was uniform to the Representative Plaintiff and Settlement Class Members; and (4) the Representative Plaintiff will fairly and adequately protect the interests of the Settlement Class, as the Representative Plaintiff has participated in this litigation, attended the mediation, and retained counsel competent and experienced in complex class actions.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes: (1) the questions of law or fact common to the Settlement Class predominate over individual questions; and (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Desiree Schmitt as the Representative Plaintiff of the Settlement Class.

9. The Court hereby appoints as Class Counsel the Law Office of Mitchell Chyette, Dann Law, and Zimmerman Law Offices, P.C.

**NOTICE AND ADMINISTRATION**

10. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC as the Claims Administrator. Angeion Group shall perform all the duties of the Claims Administrator set forth in the Settlement Agreement.

11. The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Class Notice **with the modifications noted in the next paragraph** and Notice Program and directs the parties and the Claims Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. **The Long Notice submitted by the parties is generally approved. However, the following changes must be made before it is disseminated to the class:**

- Question 14 ("If I am a Settlement Class Member, what options do I have?") should state that class members who object to the settlement "**should** file a written objection with the Clerk of Court."

- Question 21 ("How do I object to the settlement?") should state that any objection "should" be in writing, "should" be submitted to the Court, "should" be filed or postmarked by the deadline, and "should" list the stated information, rather than "must." The final paragraph within this section

should also state: "If you object to the settlement" rather than "If you file a timely written objection."

13. The Claims Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

14. The Court also approves the Claim Form attached as Exhibit A to the Settlement Agreement.

**<u>EXCLUSION AND OBJECTIONS</u>**

15. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing, postmarked no later than September 21, 2022. To be valid, each request for exclusion must be made in writing and: (a) list the caption of this Litigation, *Desiree Schmitt v. SN Servicing Corp., Case No. 21-cv-3355*; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

16. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

17. Settlement Class Members who wish to object to the Settlement may do so by filing a written objection with the Court in accordance with the procedures outlined in the Class Notice, filed or postmarked no later than September 21, 2022. Any Settlement Class Member wishing to object to the Settlement Agreement shall mail the objection to the Court at: Clerk of Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San

Francisco, CA 94102. The written objection should list the name of this Lawsuit, *Schmitt v. SN Servicing Corporation*, Case No. 3:21-cv-03355-WHO, and contain all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

18. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement may be deemed to have waived any objection, not be permitted to object to the Settlement, and be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order by appeal or other means.

## **FINAL APPROVAL HEARING**

19. The Court will hold a Final Approval Hearing at 2:00 p.m. on November 16, 2022, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

20. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified for settlement purposes; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the service award sought for Representative Plaintiff should be granted.

21. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

**DEADLINES, INJUNCTION & TERMINATION**

| EVENT | DATE |
| --- | --- |
| Defendant to provide Settlement Class Member data to Claims Administrator | July 22, 2022 |
| Notice Program per Settlement Agreement commences with the establishment of the settlement website | August 7, 2022 |
| Class Counsel's Motion for Attorneys' Fees and Costs and Service Award | August 17, 2022 |
| Opt-Out and Objection Deadlines | September 21, 2022 |
| Claims Deadline | October 16, 2022 |
| Motion for Final Approval | November 2, 2022 |

22. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

23. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

24. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Settling Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Settling Party regarding the validity of any of the Released

Claims or the propriety of certifying any class against Defendant, or (iii) be deemed an admission or concession by any Settling Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

Dated: July 8, 2022

_____
William H. Orrick
United States District Judge