Thomas A. Zimmerman, Jr. (pro hac vice)
tom@attorneyzim.com
Sharon Harris (pro hac vice)
sharon@attorneyzim.com
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
firm@attorneyzim.com

[Additional Class Counsel listed below]

Class Counsel

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>    Defendant. | Case No. 3:21-cv-03355-WHO<br><br>District Judge William H. Orrick<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Jury Trial Demanded<br><br>Complaint filed: March 12, 2021<br>Trial Date: None Set |

1

Case No. 3:21-cv-03355-WHO
Plaintiff's Notice of Motion and Motion for
Attorneys' Fees and Costs, and Service Award

# NOTICE OF MOTION AND MOTION FOR
# ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD

**PLEASE TAKE NOTICE** that on November 16, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, Plaintiff Desiree Schmitt ("Plaintiff") shall appear before the Honorable William H. Orrick of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, and shall there and then present Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award.

Plaintiff will request that the Court enter an Order that:

1. Awards Class Counsel $270,000 in reasonable attorneys' fees for their efforts in litigating this action and obtaining the benefits for the Settlement Class afforded by the Settlement;

2. Awards Class Counsel $7,317.81 in reasonable litigation costs and expenses that were reasonably expended in prosecuting this matter;

3. Awards a Service Award of $5,000 to the Representative Plaintiff for her efforts in obtaining the benefits of the Settlement on behalf of the Settlement Class;

4. Overrules any and all objections regarding the relief requested in this motion; and

5. Grants further relief as the Court deems just and proper.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Thomas A. Zimmerman, Jr. ("Zimmerman Decl."), Marc E. Dann ("Dann Decl."), and Mitchell Chyette ("Chyette Decl."), and the materials attached as exhibits thereto.

Date: August 17, 2022              /s/ Thomas A. Zimmerman, Jr.
                                   Thomas A. Zimmerman, Jr.

                                   *One of the proposed Class Counsel*

2

Case No. 3:21-cv-03355-WHO
Plaintiff's Notice of Motion and Motion for
Attorneys' Fees and Costs, and Service Award

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED ...................................................................................1

I.    INTRODUCTION ...........................................................................................................2

II.    ARGUMENT ..................................................................................................................3

    A.    The Requested Fee Award Is Reasonable...........................................................3

        1.    The Results Achieved for the Class Support the Requested Fee Award ..............5

        2.    Considerable Skill Was Required to Prosecute the Action Effectively................7

        3.    Data Breach Class Actions Are Risky ..................................................................7

        4.    Class Counsel Took on this Case on a Contingent Basis and Advanced Their Expenses...........................................................................8

        5.    The Fee Request Is Reasonable in Comparison with Similar Cases .....................9

        6.    A Lodestar Cross Check Supports Class Counsel's Fee Award..........................11

    B.    Class Counsel's Expenses Are Reasonable ......................................................12

    C.    Representative Plaintiff's Service Award Is Reasonable..................................12

III.    CONCLUSION.............................................................................................................13

i

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

# TABLE OF AUTHORITIES

*Cases*

*Adkins v. Facebook, Inc.*,
  424 F. Supp. 3d 686 (N.D. Cal. 2019) ........................................................................................ 8

*Alvarez v. Farmers Ins. Exch.*,
  No. 3:14-CV-00574-WHO, 2017 WL 2214585 (N.D. Cal. Jan. 18, 2017) ..................... 4, 5, 7, 11, 13

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D Cal. 2013) .................................................................................................. 7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) .................................................................................................................... 3

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
  No CV 12-8499, 2016 WL 137838 (C.D. Cal. Apr. 4, 2016) .................................................... 12

*Garner v. State Farm Mut. Auto. Ins. Co.*,
  CV 08 1365 CW, 2010 WL 1687829 (N.D. Cal. Apr. 22, 2010) ............................................... 11

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................................................... 4

*Hopkins v. Stryker Sales Corp.*,
  No. 11-CV-02786, 2013 WL 496358 (N.D. Cal., Feb. 6, 2013) ............................................... 12

*In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*,
  No. 09 MDL 2007, 2014 WL 12591624 (C.D. Cal. Jan. 10, 2014) ............................................ 6

*In re Anthem, Inc., Data Breach Litig.*,
  No. 15-md-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ........................ 3, 9, 10, 12

*In re Bluetooth Headset Products Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ..................................................................................................... 11

*In re Chiron Corp. Sec. Litig.*,
  No. C-04-4293 VRW, 2007 WL 4249902 (N.D. Cal. Nov. 30, 2007) ........................................ 4

*In re Google Buzz Privacy Litig.*,
  C 10-00672 JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ................................................. 10

*In re Lidoderm Antitrust Litig.*,
  No. 14-MD-02521-WHO, 2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) ............................. 9, 11

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
  No. 19-MD-2879, 2022 WL 1396522 (D. Md. May 3, 2022) .................................................... 8

*In re Omnivision Techs.*,
  559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) ....................................................................... 9, 11

ii

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) ................................................................................................... 3

*In re Pac. Enterprises Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ..................................................................................................... 11

*In re Sonic Corp. Customer Data Sec. Breach Litig.*,
   No. 1:17-MD-2807, 2019 WL 3773737 (N.D. Ohio Aug. 12, 2019) .................................. 7, 9

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F. 3d 1291 (9th Cir. 1994) ................................................................................................... 3

*In re Wawa, Inc. Data Sec. Litig.*,
   CV 19-6019, 2022 WL 1173179 (E.D. Pa. Apr. 20, 2022) ................................................. 6, 9

*Johansson-Dohrmann v. Cbr Sys., Inc.*,
   No. 12-CV-1115-MMA BGS, 2013 WL 3864341 (S.D. Cal. July 24, 2013) ....................... 10

*Knapp v. Art.com, Inc.*,
   283 F. Supp. 3d 823 (N.D. Cal. 2017) ................................................................................... 13

*Knight v. Red Door Salons, Inc.*,
   No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ........................................... 4, 7

*Krottner v. Starbucks Corp.*,
   406 F. App'x 129 (9th Cir. 2010) ............................................................................................. 8

*Lane v. Facebook Inc.*,
   No. 13-CV-04303-LHK, 2010 WL 9013059 (N.D. Cal. Mar. 17, 2020) .............................. 10

*Lane v. Facebook, Inc.*,
   No. C-08-3845 RS, 2010 WL 2076916 (N.D. Cal. May 24, 2010) ...................................... 10

*Larsen v. Trader Joe's Co.*,
   No. 11-CV-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ............................. 11

*Perkins v. Linkedin Corp.*,
   No. 13-CV-04303-LHK, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016) ................................... 6

*Rodriguez v. West Publishing Corp.*,
   563 F.3d 948 (9th Cir. 2009) ................................................................................................... 12

*Six Mexican Workers v. Ariz. Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) ............................................................................................... 3, 4

*Smith v. Triad of Alabama, LLC*,
   No. 1:14-cv-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17, 2017) ................................ 8

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ..................................................................................................... 6

iii

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

*Van Vranken v. Atl. Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ................................................................................... 4, 10

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 1994) ................................................................................. 3, 4, 6, 7

**<u>Statutes, Regulations, and Rules</u>**

Fed. R. Civ. P. 23(h) ............................................................................................................. 3

iv

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether to grant Class Counsel's request for an award of attorneys' fees and litigation expenses.

2. Whether to grant Representative Plaintiff's request for a Service Award.

1

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

I.    INTRODUCTION

As a result of the efforts and skill of Class Counsel and the Representative Plaintiff, the Settlement Class enjoys considerable monetary benefits, as well as in-kind and injunctive benefits in the form of credit monitoring, identity theft protection, and cybersecurity enhancements over the sensitive personally identifiable information maintained by Defendant SN Servicing Corp. ("Defendant" or "SNSC") in carrying out its home loan servicing services for Settlement Class Members' lenders. Through Class Counsel's and the Representative Plaintiff's efforts, work, and skill, Settlement Class Members enjoy the benefits of a $900,000 Settlement Fund, the net proceeds of which will pay valid claims for $75, if the Settlement Class Member's Social Security number was accessed in the Security Incident, or $25 if the Settlement Class Member's personally identifiable information, but not their Social Security number was accessed in the Security Incident. Settlement Agreement and Release ("SA") ¶ 2.2.1. (Dkt. No. 50-1) The claims process is relatively easy, does not require submission of documentation to support the claim, and pays cash to claimants either by paper check, or electronic payment at the claimant's election. *Id*. ¶¶ 2.2.1, 2.4.

In addition to this valuable benefit, Settlement Class Members who submit claims can elect additional credit monitoring and identify theft protection services through myTrueIdentity. SA ¶ 2.3. Importantly, this valuable benefit is in addition to, and not in lieu of, the cash payments. Finally, Defendant provides assurances regarding implementing and maintaining cybersecurity enhancements to help mitigate and protect Settlement Class Members' sensitive personally identifiable information going forward. SA ¶ 2.6.

For achieving this exemplary result on behalf of the Settlement Class, Representative Plaintiff and Class Counsel respectfully request a $270,000 attorneys' fee award, $7,317.81 award for reimbursement of litigation expenses and costs, and a $5,000 Representative Plaintiff Service Award in recognition of Plaintiff's efforts on behalf of the Settlement Class. For the reasons set forth below, the motion should be granted. Class Counsel's fee request represents 30% of the Settlement Fund, which is within the typical range of fees awarded in the Ninth Circuit under the common fund doctrine. It amounts to a reasonable

2
Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

1.06 multiplier of their lodestar. Class Counsel's request is justified by the excellent benefits of the Settlement, the significant skill with which they worked in achieving those results, the risks inherent in prosecuting a data breach class action on a contingent basis, and comparison with fee awards in other similar cases.

For the reasons set forth below, Plaintiff's Motion should be granted.

## II.   ARGUMENT

### A.   The Requested Fee Award Is Reasonable

Rule 23(h) of the Federal Rules of Civil Procedure provides that "in a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement."

Class Counsel's request is authorized by the Settlement Agreement, (SA ¶ 9.1), and is authorized by law. The common fund doctrine—an exception to the American Rule that each party in litigation pays for its attorneys—holds that "a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The doctrine arises out of equity and serves to ensure that "those who benefit from the creation of the fund [] share the wealth with the lawyers whose skill and effort helped create it." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F. 3d 1291, 1300 (9th Cir. 1994).

In common fund cases, the Court has discretion to base an award of attorneys' fees on the lodestar method or the percentage-of-recovery method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 1994). Either method may have its place in determining what would be reasonable compensation for creating a common fund. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Although courts may employ either method, the Ninth Circuit endorses cross-checking the reasonableness of any award under both methods. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

Courts in this District recognize that the percentage-of-recovery method is commonly used in the legal marketplace to determine attorneys' fees in contingency cases" such as this. *In re Anthem, Inc Data*

3

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

*Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *5 (N.D. Cal. Aug. 17, 2018). Additional factors favoring the application of the percentage-of-recovery method are: (1) replicating more accurately the manner that plaintiffs' lawyers practice outside of the class action context, (2) ensuring that class counsel's interests are more directly aligned with the interests of the class, (3) rewarding counsel for assuming the risks of litigating a matter, and (4) avoiding the trappings often associated with the lodestar method, such as encouraging counsel to bill time and to find reasons to do so. *Id.* at *5–6; 5 Newberg on Class Actions §§ 15:62, 15:65 (5th ed. 2018).

The typical range of acceptable attorneys' fees in the Ninth Circuit under the percentage-of-recovery method is 20% to 33⅓% of the total settlement value. *Alvarez v. Farmers Ins. Exch.*, No. 3:14-CV-00574-WHO, 2017 WL 2214585, at *2 (N.D. Cal. Jan. 18, 2017). Fee award percentages tend to be in the higher part of the range in cases where the common fund is below $10 million. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297–98 (N.D. Cal. 1995). And, 25% is a proper benchmark figure. *In re Chiron Corp. Sec. Litig.*, No. C-04-4293 VRW, 2007 WL 4249902, at *5 (N.D. Cal. Nov. 30, 2007). The benchmark should be adjusted or replaced by a lodestar calculation when special circumstances indicate that the percentage of recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors. *Id.* (quoting *Six Mexican Workers*, 904 F.2d 1301, 1311). In most common fund cases, the award exceeds the 25% benchmark. *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

The most critical factor informing the reasonableness of any attorney fee award is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The Ninth Circuit has identified five non-exhaustive factors to address when deciding whether to grant a fee request: (1) the results achieved for the class; (2) the skill required of counsel and the quality of the work; (3) the risk of the litigation; (4) the contingent nature of the fee and the financial burden on counsel; and (5) awards in similar cases. *Vizcaino*, 290 F.3d at 1048–50.

These factors counsel in favor of granting Plaintiff's request for attorneys' fees.

4

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

### 1. The Results Achieved for the Class Support the Requested Fee Award

When considering reasonable attorneys' fees, the most critical factor is the degree of success obtained. *Alvarez*, 2017 WL 2214585, at *3.

Here, Class Counsel's fee request is amply supported by the valuable results they achieved. The net settlement fund, deducting administrative costs and attorneys' fees and expenses, and the Service Award, is sufficient to pay the claims reasonably expected to be submitted by eligible Settlement Class Members. The net settlement fund will go directly to Settlement Class Members who submit valid claims in the form of estimated $25 or $75 checks (with the option to select a form of electronic payment such as Zelle or PayPal). SA ¶ 2.2.1. For Settlement Class Members whose Social Security numbers were involved in the Security Incident, they will be eligible to submit a claim for an estimated $75 payment. *Id.* For Settlement Class Members who had personally identifiable information accessed in the Security Incident, but not their Social Security numbers, they will be eligible to submit a claim for an estimated $25 payment. *Id.* These estimated payments are based on the Parties' and the Claims Administrator's projected claim rate of approximately 3.7%. The actual payments to Settlement Class Members will be adjusted upwards or downwards *pro rata* (depending on the number of claims) so that the entire Settlement Fund of $900,000 is paid out, after deducting attorney's fees and costs, the Service Award, and administrative costs. The Settlement Fund is non-reversionary. *See* SA ¶¶ 7.3.1, 7.6.

In addition to these cash payments—an exemplary benefit for a data breach class action settlement—the Settlement also features an additional year of the credit monitoring and identity theft protection product myTrueIdentity, and critical assurances from Defendant to implement and maintain improvements to its data security by conducting internal and external penetration tests once per quarter, maintaining procedures for multi-factor authentication for employees, vendors, and borrowers, and providing training to security personnel regarding new or modified security procedures. SA ¶¶ 2.3, 2.6.

Class Counsel's fee request constitutes a reasonable 30% of the Settlement Fund created to pay the $25/$75 claims. Precedent establishes that 30% is within the typical range in the Ninth Circuit, and is in line with other fee awards for settlements of similar value. Factoring in the expected value to the

5

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

Settlement Class of the credit monitoring and identity theft protection, which is estimated to bring the aggregate settlement benefits valuation to $2,930,353, the requested fee award becomes just 9% of the valuable benefits of the Settlement. And this still does not account for the value to the Settlement Class Members of Defendant's promises to improve its cybersecurity. SA ¶¶ 2.3, 2.6.

Even if the valuable credit monitoring, identity theft protection, and required cybersecurity improvements are not included as part of the "fund" against which the fee request is measured, the Court should still consider these additional benefits "as a relevant circumstance in determining what percentage of the common fund class counsel should receive as attorneys' fees." *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) (internal quotations omitted); *see also Vizcaino*, 290 F.3d at 1049 ("Incidental or non-monetary benefits conferred by the litigation are a relevant circumstance."). In *In re Wawa, Inc. Data Sec. Litig.*, CV 19-6019, 2022 WL 1173179, at *9 n.4 (E.D. Pa. Apr. 20, 2022), the court credited the value of similar data security enhancements as part of the class action settlement value to the class. Defendant's assurances of data security enhancements are all the more essential here, where Defendant continues to service more than 110,000 Settlement Class Members' loans on behalf of their lenders and therefore still retains their highly sensitive personally identifiable information.

That Class Counsel were able to achieve the significant benefits of the Settlement and avoid drawn-out litigation also allows the Settlement Class Members to enjoy peace of mind and the time value of the money they will receive soon, rather than at the end of a contentious, resource-depleting lawsuit. Courts have favored settlements that are efficiently achieved when evaluating fee awards. *See, e.g.*, *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *2 (N.D. Cal. Feb. 16, 2016) (commending a "timely and certain recovery" over further litigation); *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*, No. 09 MDL 2007, 2014 WL 12591624, at *4 (C.D. Cal. Jan. 10, 2014) (lauding counsel's "effective and efficient prosecution" of the action). If the Settlement earns final approval and is not appealed, Settlement Class Members are expected to receive their settlement benefits within two years of the data breach.

6

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

### 2. Considerable Skill Was Required to Prosecute the Action Effectively

Class Counsel's skills in developing their legal theories and the factual allegations persuaded Defendant that the costs and risks of prolonged litigation were significant enough to counsel in favor of the Settlement, which provides significant recovery to Settlement Class Members. *See Alvarez*, 2017 WL 2214585, at *3.

Class Counsel are experienced consumer advocates and have won dozens of class action settlements, including many consumer data breaches. *See* Firm Resumes of Class Counsel, attached as Exhibit A to the Zimmerman Decl., Exhibit A to the Dann Decl., and Exhibit A to the Chyette Decl. In this case, Class Counsel faced a well-funded defendant and formidable opposing counsel. *See Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D Cal. 2013) ("The quality of opposing counsel is important in evaluation the quality of Class Counsel's work."). Class Counsel were able to beat back two motions to dismiss and filed a Third Amended Complaint that was sufficiently strong to persuade Defendant to come to the negotiating table instead of fighting any longer. *See Knight*, 2009 WL 248367, at *6 ("Red Door's counsel understood the legal uncertainties in this case, and were in a position to mount a vigorous defense."). Class Counsel brought their knowledge and expertise to bear during the course of the day-long mediation to obtain the excellent benefits of the Settlement, develop the notice and settlement administration program, and other details of the Settlement Agreement.

### 3. Data Breach Class Actions Are Risky

Although data breaches have been impacting consumers for decades, significant risks and uncertainties face data breach plaintiffs, attributable to the somewhat unique nature of the harms data breach victims incur, the patchwork of state laws and court decisions on issues of standing, duty, liability, and damages, and the highly technical subject matter: cybersecurity. "The realm of data breach litigation is complex and largely undeveloped. It would present the parties and the Court with novel questions of law." *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2807, 2019 WL 3773737, at *6 (N.D. Ohio Aug. 12, 2019). The divergent results of many data breach lawsuits filed by data breach victims on motions to dismiss and on class certification illustrate the risk of prosecuting this case to judgment.

7

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

*See, e.g.*, *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (affirming dismissal of claims of data breach victims under Washington law); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 19-MD-2879, 2022 WL 1396522, at *26 (D. Md. May 3, 2022) (granting motion for class certification in data breach class action); *Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 697 (N.D. Cal. 2019) (certifying class under Rule 23(b)(2), but declining to certify damages class under Rule 23(b)(3) or Rule 23(c)(4)); *Smith v. Triad of Alabama, LLC*, No. 1:14-cv-324-WKW, 2017 WL 1044692, at *6 (M.D. Ala. Mar. 17, 2017) (the court certified a class of data breach victims on collective questions of duty and breach and, if plaintiffs prevail, the intermingled questions of causation and damages would be tried on an individual basis).

Here, Plaintiff withstood two rounds of motions to dismiss the Complaint, successfully defending valuable statutory and common law claims that would apply to all putative class members nationwide. *See* Orders Denying in Part and Granting in Part Motion to Dismiss With Leave to Amend (Dkt. Nos. 27, 40). Even though Class Counsel's achievements were significant, risks attending liability and damages on class certification and the merits were still present.

Weighing the timely and valuable benefits achieved by Class Counsel in negotiating the Settlement against the risks Class Counsel accepted when deciding to prosecute this case on a contingent basis favors the reasonableness of the requested award. Defendant is well funded, and capable of defending the case at every turn. Technical and legal issues pertaining to liability, damages, class certification, and the highly technical nature of the relevant standards of conduct in the realm of computer network security remain largely untested, highly dependent on experts, and therefore costly and uncertain in outcome. What is certain is that the Settlement avoids significant costs of a litigation that would reach a resolution many months or years from now. These considerable risks favor the requested award.

**4. Class Counsel Took on this Case on a Contingent Basis and Advanced Their Expenses**

"The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a

8

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

larger fee than if they were billing by the hour or on a flat fee." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. Jan. 9, 2008). "[T]he public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing for their work." *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *3 (N.D. Cal. Sept. 20, 2018).

Here, Class Counsel accepted all the risk if the case was not successful. And, there was considerable risk in advancing the case to class certification and trial. Despite these considerable risks, Class Counsel pursued this case for more than a year, through two motions to dismiss, incurring considerable expenses and attorneys' fees that could have been devoted to other matters.

### 5. The Fee Request Is Reasonable in Comparison with Similar Cases

When comparing Class Counsel's request with other fee awards, the reasonableness of the award is apparent. Class Counsel's request is in line with awards for similar cases in this District and others.

In *Sonic*, the court awarded 30% of the aggregate settlement amount of $4,325,000, or $1,297,500, in a settlement with a similar structure as the Settlement here, except *Sonic* had a slightly smaller recovery per class member ($2.88 in Sonic; $3.15 here). *Sonic*, 2019 WL 3773737, at *11; *see also* Pl.'s Mot. for Preliminary Approval, at 25 (Dkt. No. 49).

The court in *In re Wawa, Inc. Data Sec. Litig.*, 2022 WL 1173179, at *2, *10, granted counsel's request for $3,040,060 in attorneys' fees from a total of $9 million made available to the class, or about a 34% percentage of the class recovery. Settlement benefits featured a $5 or $15 Wawa gift card and $1 million available for documented out-of-pocket losses. *Id.* at *1.

As for data breach cases in this District, in a megafund class action settlement, the court in *Anthem* awarded attorneys' fees of 27% of the total $115 million settlement fund, reasoning that an "upward departure" from the 25% starting point was appropriate in light of the "substantial results achieved and risks associated with the litigation. *In re Anthem, Inc., Data Breach Litig.*, No. 15-md-02617-LHK, 2018 WL 3960068, at *9 (N.D. Cal. Aug. 17, 2018). In *Anthem*, class members could submit claims for documented out-of-pocket costs, credit monitoring services provided by the settlement or, if they already

9

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

paid for credit monitoring, seek an alternative cash payment of $50. *Id.* at *31. Here, Settlement Class Members may elect *both* money payments and credit monitoring and identity theft protection on their claim forms. SA ¶ 2.3. These excellent benefits warrant an upward departure from the benchmark. Moreover, *Anthem* was a massive data breach of nearly 80 million individuals' health insurance information that resulted in a megafund of $115 million. *Anthem*, 2018 WL 3960068, at *1. In contrast, this case involves a smaller class of 285,983 persons and resulted in a fund less than $10 million, where higher than benchmark fees are more often appropriate. *See Van Vranken*, 901 F. Supp. at 297–98.

The court in *Lane v. Facebook, Inc.*, approved a fee award of $2,322,763, constituting a 2x multiplier of class counsel's lodestar and approximately 24% of the settlement fund. No. C-08-3845 RS, 2010 WL 2076916, at *2 (N.D. Cal. May 24, 2010). *Lane's* settlement relief consisted solely of *cy pres* payments in an amount of $9.5 million, with no direct payments to class members. *See Lane v. Facebook Inc.*, 2010 WL 9013059, at *6 (N.D. Cal. Mar. 17, 2020). In another data privacy case in this District, the court awarded attorneys' fees in the amount of $2,125,000 for funding $6,065,000 to numerous *cy pres* recipients. *See In re Google Buzz Privacy Litig.*, C 10-00672 JW, 2011 WL 7460099, at *4 (N.D. Cal. June 2, 2011). The fee made up about 26% of the total *cy pres* relief plus the attorneys' fee award.

In comparison to *Lane* and *Google Buzz*, an upward adjustment from their near-benchmark fee awards is warranted because Settlement Class Members are eligible for direct money payments, in addition to credit monitoring and identity theft protection and assurances regarding Defendant's enhanced cybersecurity. Only amounts that are sent to Settlement Class Members but remain uncashed after a time will be eligible for *cy pres* distribution under the Settlement. SA ¶ 7.6. The fact that the Settlement includes provisions for depositing the money payments directly into electronic accounts, such as PayPal or Zelle, should serve to keep the number of uncashed checks low. *See* SA ¶¶ 7.5–7.6.

The court in *Johansson-Dohrmann v. Cbr Sys., Inc.*, No. 12-CV-1115-MMA BGS, 2013 WL 3864341, at *10 (S.D. Cal. July 24, 2013), based its award of $585,936.33 in attorneys' fees on the conclusion that the fee award amounted to 12.5% of the identity theft incident reimbursement (subject to a $2 million cap) and two-year credit monitoring and identity theft protection benefits claimed. Here, on

10

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

the other hand, the settlement provides direct money payments to Class Members until the entire Settlement Fund is paid out. Should the Settlement provisions for additional credit monitoring and identity theft protection similarly be considered part of the Settlement Fund against which the percentage of recovery is measured, Class Counsel's fee request would amount to 9% of the total actual settlement value of $2,930,353, at the expected claim rate (and not the total value made available to the Settlement Class).

Other notable Ninth Circuit and district court cases have approved fees that represent upward departures from the 25% percentage-of-recovery benchmark and support Class Counsel's request for a fee award at 30% of Settlement Fund. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) no abuse of discretion to award 30% for attorneys' fees); *In re Lidoderm Antitrust Litig.*, 14-MD-02521-WHO, 2018 WL 4620695, at *1 (N.D. Cal. Sept. 20, 2018) (awarding class counsel one-third of the settlement amount); *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *9 (N.D. Cal. July 11, 2014) (noting that "the amount of 28% of the common fund falls within the range of acceptable attorneys' fees in Ninth Circuit cases"); *Garner v. State Farm Mut. Auto. Ins. Co.*, CV 08 1365 CW, 2010 WL 1687829, at *1 (N.D. Cal. Apr. 22, 2010) (30% attorneys' fee award is justified in this case where important benefits included adjustments to business practices).

### 6. A Lodestar Cross Check Supports Class Counsel's Fee Award

The "lodestar" calculation multiplies the number of hours reasonably expended on the litigation by counsel's reasonable hourly rates, depending on the region and the experience of the lawyer. *Alvarez*, 2017 WL 2214585, at *4. Courts may adjust the lodestar figure upward or downward by an appropriate positive or negative multiplier. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Courts in this District have approved multipliers ranging between 1 and 4. *Omnivision,* 559 F. Supp. 2d at 1048 (approving a 1.33 multiplier).

Here, the requested fee is justified by Class Counsel's lodestar. As shown by the supporting Declarations, Class Counsel devoted 452.6 hours to this matter to date, at a median hourly rate of $564 per hour. Their current lodestar is $255,157.50, which makes the requested fee award a 1.06 multiplier of Class Counsel's current lodestar. *See* Zimmerman Decl. ¶¶ 15-16, Dann Decl. ¶¶ 11-12, Chyette Decl. ¶¶

11

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

8-9. Class Counsel will spend additional time and render additional otherwise billable service on behalf of the Settlement Class in overseeing the administration of the Settlement and distribution of benefits, answering any questions related to the Settlement, obtaining court approval for distribution to a *cy pres* recipient of any uncashed amounts remaining in the Settlement Fund under SA ¶ 7.6. In the event the Court enters final approval and any appeal is filed, Class Counsel will render additional billable services.

Based on all of the foregoing, Class Counsel's request for attorneys' fees should be granted.

### B.  Class Counsel's Expenses Are Reasonable

Attorneys who generate a benefit for the class are entitled the reimbursement of reasonable litigation expenses under the common fund doctrine. *Corson v. Toyota Motor Sales U.S.A., Inc.*, No CV 12-8499, 2016 WL 137838, at *9 (C.D. Cal. Apr. 4, 2016). The kinds of expenses that are eligible for reimbursement include travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment. *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786, 2013 WL 496358, at *6 (N.D. Cal., Feb. 6, 2013).

Class Counsel detail in their Declarations that they incurred litigation expenses in the amount of $7,317.81 related to this case. *See* Zimmerman Decl. ¶ 29, Dann Decl. ¶ 25, Chyette Decl. ¶ 12. These expenses are eligible for reimbursement under applicable law. Furthermore, these expenses were reasonable and were advanced by Class Counsel for the benefit of the Settlement Class. Accordingly, the Court should grant Class Counsel's request to be reimbursed these expenses from the Settlement Fund.

### C.  Representative Plaintiff's Service Award Is Reasonable

In the Ninth Circuit, "[i]ncentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958–59. "As with attorneys' fees and litigation expenses, it is appropriate to pay service awards from the common fund because such awards represent work done on behalf of the class." *Anthem*, 2018 WL 3960068, at *32. In evaluating a request for a service award for a class representative,

12

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

courts consider all "relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonable fears of [] retaliation." *Alvarez*, 2017 WL 2214585, at *1.

The Court has previously approved of a $5,000 service award as compensation for a class representative's time and effort, including communicating with class counsel, providing a declaration, appearing for deposition, and assisting with other discovery. *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 838–39 (N.D. Cal. 2017). Likewise, here, Plaintiff assisted Class Counsel in their investigation and initiation of this case as a class action, provided documentation and detailed information that assisted Class Counsel in drafting the three iterations of the complaint, reviewed and approved the complaints, attended and participated in the mediation, assisted in determining the specific changes to be made to Defendant's data security practices, and reviewed, analyzed, and approved the Settlement Agreement. *See* Zimmerman Decl. ¶ 34, Dann Decl. ¶ 30. For her initiative and efforts, as well as her willingness to incur the risks of filing a lawsuit against her current home loan servicer, Plaintiff should be awarded a reasonable $5,000 service award.

### III. CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter an order granting Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award, and for such other relief as the Court deems just and appropriate under the circumstances.

Dated: August 17, 2022

By: /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (pro hac vice)
tom@attorneyzim.com
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
firm@attorneyzim.com

13
Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

        Marc E. Dann (pro hac vice)
        Brian D. Flick (pro hac vice)
        DANNLAW
        P.O. Box 6031040
        Cleveland, Ohio 44103
        (216) 373-0539 telephone
        (216) 373-0536 facsimile
        notices@dannlaw.com

        Mitchell Chyette
        125 12th Street, Suite 100-BALI
        Oakland, CA 94607-3699
        (510) 388-3748
        (510) 680-3760 facsimile
        mitch@chyettelaw.com

        Proposed Class Counsel

14

Case No. 3:21-cv-03355-WHO
Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award