Thomas A. Zimmerman, Jr. (pro hac vice)
tom@attorneyzim.com
Sharon Harris (pro hac vice)
sharon@attorneyzim.com
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
firm@attorneyzim.com

[Additional Counsel listed below]

Class Counsel

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>    Defendant. | Case No. 3:21-cv-03355-WHO<br><br>District Judge William H. Orrick<br><br>**DECLARATION OF THOMAS A. ZIMMERMAN, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD**<br><br>Complaint filed: March 12, 2021<br>Trial Date: None Set |

I, Thomas A. Zimmerman, Jr., hereby declare the following in support of Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award:

1.      I am an attorney duly licensed to practice in the State of Illinois. I am admitted *pro hac vice* in this matter. This declaration is based on personal knowledge of the matters set forth herein.

2.      I am the owner of Zimmerman Law Offices, P.C. ("ZLO").

3.      I am one of the proposed Class Counsel for the proposed Settlement Class in the instant matter.

## Background and Experience of Thomas A. Zimmerman, Jr.

4.      I am an attorney with extensive experience representing plaintiffs in class action litigation. I have particular expertise in handling class actions, such as the present case, arising out of a data breach involving consumers' personally identifiable information. To demonstrate my qualifications and the basis for ZLO's requested attorneys' fees, I will summarize my background and qualifications. I also refer the Court to the ZLO Firm Resume, which is attached hereto as **Exhibit A**.

5.      I received my Bachelor of Science Degree from the University of Illinois and my M.B.A. in Finance from DePaul University. I earned my law degree from the Chicago-Kent College of Law, where I was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

6.      I am a member in good standing of the Illinois State Bar and the bar of the United States District Court for the Northern District of Illinois. I am also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Sixth, Seventh, and Ninth Circuits, and various other federal district courts. Beyond this case, I have also been admitted *pro hac vice* and have appeared before trial courts in a number of different federal and state jurisdictions.

7.      I have been a litigator for over 26 years and I practice extensively and have obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. I represent both plaintiffs and

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

defendants nationwide in state and federal trial and appellate courts. I also represent individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

8.      I have been lead counsel in national and state-wide class action litigation, and have handled multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, Bridgestone/Firestone, and ADT Corporation. I also represent physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

9.      In 2017, 2018, 2019, 2020, 2021, and 2022, I was selected as a *Super Lawyer* in the area of class action and mass torts.

10.      In 2000, I was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as I was chosen out of 60,000 attorneys in Illinois under the age of forty.

11.      In 2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). I served in that capacity until 2011, wherein I presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed me as Special Counsel, wherein I conduct independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

12.      Additionally, the Illinois Governor appointed me to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.

3

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

13.     I have served as class counsel or on the plaintiffs' executive committee in dozens of nationwide and statewide class actions, including but not limited to the following actions:

- _Misleading Product Claims_ — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook County, Ill.).

- _Improper Cellular Phone Fee_ — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook County, Ill.).

- _Defective Vehicles_ — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.).

- _Fraud_ — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook County, Ill.).

- _Defective Products_ — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. Cal.).

- _Misleading Product Claims_ — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. Md.).

- _Fraud / Data Breach_ — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.).

- _Defective Products_ — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D.N.Y.).

- _Power Outages_ — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook County, Ill.).

4

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

- _Privacy Violation_ — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed.  *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook County, Ill.).

- _Improper Court Fee_ — $5.2 million recovery for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court. *Midwest Medical Records Assoc., et al. v. Dorothy Brown, et al.*, No. 15 CH 16986 (Cook County, IL).

- _Data Breach_ — $4.95 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by state governments. *Culbertson, et al. v. Deloitte Consulting LLP*, No. 20 cv 3962 (S.D. NY).

- _Data Breach_ — $4.3 million recovery for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a company that rents caps and gowns for graduation ceremonies. *In re Herff Jones Data Breach Litigation*, No. 21 cv 1329 (S.D. IN).

- _Data Breach_ — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer.  *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

- _Unsolicited Faxes_ — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook County, Ill.).

- _Fraud_ — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook County, Ill.).

- _Unsolicited Faxes_ — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements.  *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. Ill.).

- _Misleading Product Labeling_ — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product.  *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook County, Ill.).

- _Misrepresentations in Book_ — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir.  *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D.N.Y.).

Case No. 3:21-cv-03355-WHO
**Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award**

- *Misleading Product Claims* — $1.9 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook County, IL).

- *Shareholder Derivative Suit* — $1.875 recovery, and corporate governance reforms, for a nationwide class of shareholders against a company and its officers and directors due to breaches of fiduciary duties and excess compensation to the officers and directors due to overstated financial results. *Dorvit, et al. v. Winemaster, et al.*, No. 17 cv 1097 (N.D. IL).

- *Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook County, Ill.).

- *Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. Cal.).

- *Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

- *Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.).

- *School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook County, Ill.).

- *Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

14.     As demonstrated in numerous earlier class cases, my firm and I have litigated numerous class actions and we know of the legal and practical challenges associated with the prosecution of class claims, including such claims involving data breaches.

6

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

**ZLO's Work in this Case**

15.     The total number of hours spent by ZLO on this litigation through August 17, 2022, is 289.50 with a total lodestar of $174,187.50.  Class Counsel report a collective lodestar of $255,157.50 based on 452.6 hours in this matter. Class Counsel will continue to expend additional time in connection with overseeing the administration of the settlement and distribution of benefits, answering any questions related to the settlement, obtaining final approval of the settlement, and obtaining court approval for distribution to a *cy pres* recipient of any uncashed amounts remaining in the Settlement Fund.

16.     An itemized listing of ZLO's time entries is attached hereto as **Exhibit B**, and is summarized below:

**ZLO's Lodestar Summary**

| **ZLO Personnel** | **Position** | **Rate** | **Hours** | **Total** |
|---|---|---|---|---|
| Thomas A. Zimmerman, Jr. | Owner<br><br>(over 26 Years of Practice)<br><br>(admitted to Illinois Bar in July 1996) | $715 | 140.40 | $100,386.00 |
| Sharon A. Harris | Attorney<br><br>(over 24 Years of Practice)<br><br>(admitted to Illinois Bar in Nov. 1998) | $675 | 32.50 | $21,937.50 |

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

| | | | | |
|---|---|---|---|---|
| Jeffrey D. Blake<br><br>(over 9 Years of Practice)<br><br>(admitted to Illinois Bar in April 2013) | Attorney | $450 | 109.50 | $49,275.00 |
| Matthew C. De Re<br><br>(over 8 Years of Practice)<br><br>(admitted to Illinois Bar in Nov. 2014) | Attorney | $390 | 6.20 | $2,418.00 |
| Jacalyn E. Zaleski-Soline | Paralegal | $190 | 0.90 | $171.00 |
| **TOTAL** | | | **289.50** | **$174,187.50** |

17.     In my experience, this time was reasonably and justifiably incurred.

**ZLO's Attorneys' and Paralegal Hourly Rates are Reasonable**

18.     ZLO's hourly rates, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates charged for legal services in similar complex class action litigation such as this one. These hourly rates have been accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent class action cases. My current hourly rate of $715, which is lower than market rates, was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2022 in *Culbertson v. Deloitte Consulting LLP*, S.D. NY Case No. 20 cv 3962 (Dkt. 166), and *Whitaker v. Dovenmuehle Mortgage, Inc.*, Cook Cnty., Ill. Cir. Ct. Case No. 20 CH 6210; in 2021 in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case

8

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

No. 2018 cv 1256; and in <u>2020</u> in *Ferrill v. Village of Villa Park*, N.D. Ill. Case No. 19 cv 6809 (Dkt. 55), and *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, Cook Cnty., Ill. Cir. Ct. Case No. 19 CH 2759.

19.     With more than 24 years of experience, Sharon Harris has similar years of experience as me, and the Court should likewise accept her current hourly rate of $675, which is lower than market rates and was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2022</u> in *Culbertson v. Deloitte Consulting LLP*, S.D. NY Case No. 20 cv 3962 (Dkt. 166), and *Whitaker v. Dovenmuehle Mortgage, Inc.*, Cook Cnty., Ill. Cir. Ct. Case No. 20 CH 6210; in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256; and in <u>2020</u> in *Ferrill v. Village of Villa Park*, N.D. Ill. Case No. 19 cv 6809 (Dkt. 55), and *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, Cook Cnty. Cir. Ct. Case No. 19 CH 2759.

20.     Jeff Blake's current hourly rate is $450, which is lower than market rates, was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2022</u> in *Culbertson v. Deloitte Consulting LLP*, S.D. NY Case No. 20 cv 3962 (Dkt. 166), and *Whitaker v. Dovenmuehle Mortgage, Inc.*, Cook Cnty., Ill. Cir. Ct. Case No. 20 CH 6210; in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256; and in <u>2020</u> in *Ferrill v. Village of Villa Park*, N.D. Ill. Case No. 19 cv 6809 (Dkt. 55), *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, Cook Cnty., Ill. Cir. Ct. Case No. 19 CH 2759, and *Gann v. Nissan N. Am., Inc.*, M.D. Tenn. Case No. 18 cv 966 (Dkt. 108, 130).

21.     Matt De Re's current hourly rate is $390, which is lower than market rates, was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2022</u> in *Culbertson v. Deloitte Consulting LLP*, S.D. NY Case No. 20 cv 3962 (Dkt. 166), and *Whitaker v. Dovenmuehle Mortgage, Inc.*, Cook Cnty., Ill. Cir. Ct. Case No. 20 CH 6210; in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D.

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256; and in <u>2020</u> in *Ferrill v. Village of Villa Park*, N.D. Ill. Case No. 19 cv 6809 (Dkt. 55), and *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, Cook Cnty., Ill. Cir. Ct. Case No. 19 CH 2759.

22.     ZLO's current paralegal hourly rate is $190, which is lower than market rates, was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2022</u> in *Culbertson v. Deloitte Consulting LLP*, S.D. NY Case No. 20 cv 3962 (Dkt. 166), and *Whitaker v. Dovenmuehle Mortgage, Inc.*, Cook Cnty., Ill. Cir. Ct. Case No. 20 CH 6210; in <u>2021</u> in *Koustis v. Select Portfolio Servicing, Inc.*, N.D. Ohio Case No. 20 cv 2425 (Dkt. 31), and *Black v. City of Girard, Ohio, et al.*, Trumbull Cnty., Ohio Ct. Common Pleas Case No. 2018 cv 1256; and in <u>2020</u> in *Ferrill v. Village of Villa Park*, N.D. Ill. Case No. 19 cv 6809 (Dkt. 55), and *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, Cook Cnty., Ill. Cir. Ct. Case No. 19 CH 2759.

23.     The hourly rates are also supported by the Laffey Matrix. The Laffey Matrix is a table prepared by the United States Attorney's Office for the District of Columbia listing appropriate hourly rates for attorneys of varying experience levels to be used in awarding reasonable attorneys' fees.

24.     The Adjusted Laffey Matrix calculates the appropriate rates for each year by using the legal services component of the Consumer Price Index ("CPI") (rather than the entire CPI) and applies it to the Laffey Matrix.   *See* http://www.laffeymatrix.com/see.html, attached hereto as **Exhibit C**; *see also* http://www.laffeymatrix.com/history.html. The Adjusted Laffey Matrix has been utilized by numerous Courts in determining reasonable attorneys' fees.  *Smith v. Dist. of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006); *Salazar v. Dist. of Columbia*, 750 F. Supp. 2d 70, 73 (D.D.C. 2011); *Ricks v. Barnes*, 2007 WL 956940, at *3 (D.D.C. Mar. 28, 2007).  Indeed, the Adjusted Laffey Matrix has been held to be "more accurate" than the Laffey Matrix. *Smith*, 466 F. Supp. 2d at 156.

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

25.     Although the Laffey Matrix is not dispositive, many courts use the Laffey Matrix as "satisfactory evidence of the prevailing rate" in determining the reasonableness of attorneys' fees.  *See Hadnott v. City of Chicago*, No. 07 cv 6754, 2010 WL 1499473, at *6 (N.D. Ill. April 12, 2010) (collecting cases); *Berg v. Culhane*, 09 cv 5803, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011).

26.     ZLO billed my time (denoted as TAZ in the attached billing records) at $715 per hour.  As the Adjusted Laffey Matrix shows, this rate is well below the established market rate for lawyers with my years of experience (20+ years), which was between $914 - $919 per hour from 6/1/2020-5/31/2022. *See* **Exhibit C**.

27.     Similarly, the hourly rates of the other attorneys at ZLO are also below the established market rates in the Adjusted Laffey Matrix. Specifically, ZLO billed Sharon Harris's time (denoted as SH in the attached billing records) at $675 per hour. As set forth above, this rate is well below the established market rate for lawyers with her years of experience (20+ years). ZLO billed Jeff Blake's time (denoted as JDB in the attached billing records) at $450 per hour. This rate is well below the established market rate for lawyers with his years of experience (8-10 years), which was between $672 - $676 per hour from 6/1/2020-5/31/2022. ZLO billed Matt De Re's time (denoted as MDR in the attached billing records) at $390 per hour. As set forth above, this rate is well below the established market rate for lawyers with his years of experience (8-10 years).  Additionally, ZLO billed paralegal time at $190 per hour, which is below the established market rate of between $206 - $208 per hour from 6/1/2020-5/31/2022 set forth in the Adjusted Laffey Matrix. *See* **Exhibit C**.

**Sage Timeslips**

28.     My firm uses Sage Timeslips ("Sage"), which is a standard timekeeping and billing program that is used worldwide. *See* http://www.sage.com/company/about-sage/how-we-started (last visited August 1, 2022). Sage allows an attorney or timekeeper to enter his/her billable time and expenses

**Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award**

directly into the Sage program; thus, the Sage time report consists of the "original" time and expense entries. The attorneys and paralegals at ZLO input their time and expense entries directly into Sage each day. ZLO's attorneys and paralegals enter into Sage a description of the work they performed, the date the work was performed, the time they spent performing the work, any expenses incurred, and the cases to which the time and expenses relate. The practice and procedure of ZLO requires attorneys and paralegals to enter their time and expenses into the Sage program on the same date that the work is performed and the expense is paid.

### ZLO's Costs

29.    To date, ZLO has incurred a total of **$2,642.00** in costs relative to this case.  Those costs are detailed in **Exhibit B** and summarized below:

### ZLO Costs Summary

| Category | Total |
|---|---|
| Court and Pro Hac Vice Fees | $317.00 |
| Mediator's Fee | $2,325.00 |
| **TOTAL** | **$2,642.00** |

### Risk Involved

30.    Class Counsel undertook this case on a contingent-fee basis, assuming significant risk that the case would yield no recovery and would leave my firm uncompensated. From the outset of this matter, Class Counsel has not been compensated for any time spent representing Plaintiff or Class members in the litigation.

Case No. 3:21-cv-03355-WHO
**Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award**

31.     This case presented substantial risk and uncertainties that could have prevented any recovery whatsoever. Despite the most vigorous and competent of efforts, success in this contingent-fee litigation was never assured.

32.     Plaintiff withstood two rounds of motions to dismiss the Complaint, successfully defending valuable statutory and common law claims that would apply to all putative Class members nationwide. Defendant requested an extension of time to answer the Second Amended Complaint so the parties could attend a mediation. Class Counsel and Defendant's counsel had numerous discussions regarding the claims in the lawsuit and the parameters of a class action settlement that would resolve the claims. The parties engaged in an arms' length mediation before the Honorable Herbert Hoffman of Judicate West via videoconference on February 17, 2022, through which the basic terms of the settlement were negotiated and finalized. Once the key parameters of a class action settlement were agreed upon, the parties worked over a period of several weeks to finalize the terms of the Settlement, exchanging multiple drafts of the Settlement Agreement and its related documents, and partaking in additional phone calls and emails. On June 14, 2022, the parties executed the Class Action Settlement Agreement.

33.     As a result of our efforts in the face of substantial risks, Class Counsel achieved a significant recovery for the benefit of the Settlement Class.

## The Requested Service Award is Reasonable

34.     Plaintiff has been instrumental in her role as Representative Plaintiff. Plaintiff assisted Class Counsel in their investigation and initiation of this case as a class action, and provided documentation and detailed information that assisted Class Counsel in drafting the Complaint. Plaintiff initiated the lawsuit, and reviewed the drafts of the Complaint, First Amended Complaint, and Second Amended Complaint before they were filed. Plaintiff actively participated in the prosecution of this action, assisted Class Counsel with the investigation into the factual background of her claims, and reviewed case documents. Plaintiff

Case No. 3:21-cv-03355-WHO
Declaration of Thomas A. Zimmerman Jr. in Support of
Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award

attended and participated in the mediation, and assisted in determining the specific changes to be made to Defendant's data security practices. Plaintiff and Class Counsel discussed the terms of the Settlement as it was being negotiated, and Plaintiff reviewed and approved the Settlement Agreement. Plaintiff has been committed to this litigation, and was prepared to be a part of any trial that may have followed. In addition, Plaintiff took on the risk associated with filing a lawsuit against a well-funded company that was and continues to be her home loan servicer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed this 17th day of August, 2022, at Chicago, Illinois.

*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.

**Case No. 3:21-cv-03355-WHO**
**Declaration of Thomas A. Zimmerman Jr. in Support of**
**Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award**

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $300 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 25 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019, 2020, 2021, and 2022, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed

**EXHIBIT A**

Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.  Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees.  He is also a member of the American Association for Justice.  In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

**Sharon A. Harris**

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. She has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, data breach laws, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. She has been appointed class counsel in numerous cases. For example, she was appointed one of class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled. A settlement was granted final approval. Ms. Harris was also appointed class counsel in a class action lawsuit, *Norton, et al. v. Niantic, Inc.*, No. 2017 CH 10281 (Cir. Ct. Cook Cty., Ill.), and helped negotiate a $1.75 million settlement on behalf of attendees at the 2017 Pokémon GO Fest in Chicago that were unable to play the game during the fest due to technical and other issues. Additionally, Ms. Harris was appointed class counsel in a class action lawsuit, *Miller, et al. v. Inteleos, Inc.*, No. 1:17-cv-00763-DAP (N.D. Ohio), on behalf of individuals who took a Registered Vascular Technology (RVT) examination and passed the examination but received an incorrect failing score. The settlement she helped negotiate was granted final approval by the Court.

She received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. Ms. Harris received her law degree from DePaul University College of Law. She is a member of the American, Illinois State, and Chicago Bar Associations. She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, the United States District Court for the Northern District of Indiana, and the United States Courts of Appeals for the Seventh and Ninth Circuits.

**Matthew C. De Re**

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in

law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

### Jeffrey D. Blake

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

### Jordan M. Rudnick (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years.  In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations.  Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions.  Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings.  He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## **REPRESENTATIVE CLASS ACTION CASES**

### **Completed Cases**

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. MD).

*Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO).

*Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D. NY).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, IL).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, IL).

*Improper Court Fee* — $5.2 million recovery for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court. *Midwest Medical Records Assoc., et al. v. Dorothy Brown, et al.*, No. 15 CH 16986 (Cook Cnty, IL).

*Data Breach* — $4.95 million recovery for a nationwide class of individuals who had their personal and financial data exposed due to insufficient protection of that information by state governments. *Culbertson, et al. v. Deloitte Consulting LLP*, No. 20 cv 3962 (S.D. NY).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a company that rents caps and gowns for graduation ceremonies. *In re Herff Jones Data Breach Litigation*, No. 21 cv 1329 (S.D. IN).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Misleading Product Claims* — $1.9 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

*Shareholder Derivative Suit* — $1.875 recovery, and corporate governance reforms, for a nationwide class of shareholders against a company and its officers and directors due to breaches of fiduciary duties and excess compensation to the officers and directors due to overstated financial results. *Dorvit, et al. v. Winemaster, et al.*, No. 17 cv 1097 (N.D. IL).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

_Privacy Violation_ — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed.  *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

_Breach of Contract_ — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

_Privacy Violation_ — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed.  *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. IL).

_Contaminated Drinking Water_ — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

_Fraud_ — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product.  *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

_Foreclosure Fraud_ — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception.  *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

_Privacy Violation_ — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed.  *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

_Data Breach_ — $285,000 recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain. *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.,* No. 19 CH 2759 (Cook Cnty., IL).

_Privacy Violation_ — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed.  *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. IL).

_Unsolicited Faxes_ — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements.  *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.,* No. 07 CH 14018 (Cook Cnty, IL).

_Constitutional Violation_ — $175,000 recovery for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. *Black, et al. v. City of Girard, Ohio, et al.*, No. 18 cv 1256 (Trumbull Cnty, OH).

*Improper Health Club Memberships* — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, IL).

*Illegal Lending Practices* — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. IL).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. IL).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc.*, *et al.*, No. 06 CH 03056 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

## **Pending Cases — Preliminary Approval of Settlement Granted**

*Antitrust* — $20 million recovery for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act. *In re. Packaged Seafood Products Antitrust Litigation*, MDL No. 2670 (S.D. CA).

*Data Breach* — $900,000 recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a mortgage servicer. *Schmitt v. SN Servicing Corp.*, No. 21 cv 3355 (N.D. CA).

*Fraud* — $450,000 recovery for a nationwide class of individuals who were charged and paid for a greater quantity of a product than they received. *Bruun v. Red Robin Gourmet Burgers, Inc., et al.*, No. A-20-814178-C (Clark Cnty, NV).

**Pending Cases — Appointed Class Counsel**

*Improper Fee* — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license. *Madyda, et al. v. Ohio Dept. of Public Safety*, No. 19-426 (OH Ct. of Claims).

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead. *Henderson, et al. v. Aqua Illinois, Inc.*, No. 2019 CH 10191 (Will Cnty, IL).

*Constitutional Violation* — Class action for a statewide class of individuals who paid an unconstitutional firearms and ammunition tax. *Boch, et al. v. Cook County, Illinois, et al.*, No. 21 CH 5485 (Cook Cnty, IL).

**Pending Cases — Appointed to Executive Committee**

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

**Pending Cases**

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Constitutional Violation* — Class action for a statewide class of individuals who were improperly denied pandemic unemployment assistance benefits because the governor of their state refused to accept those federal benefits and distribute the money to the individuals.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Consumer Fraud* — Class action for a nationwide class of individuals who were defrauded when their printers were disabled from using third party toner under the guise of a firmware update.

*Breach of Contract* — Class action for a statewide class of individuals who are members of athletic clubs that unilaterally terminated their rewards program without notice.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective product that was contaminated with *Salmonella*.

*Consumer Fraud* — Class action for a statewide class of individuals who were denied loans due to improper banking practices.

*Breach of Contract* — Class action for a nationwide class of individuals who paid for continuous printer toner and ink, but the company failed to deliver it as promised.

*Consumer Fraud* — Class action for a nationwide class of individuals who paid inflated prices for a product.

*Bankruptcy Violation* — Class action for a nationwide class of individuals against a company that took their money in violation of the bankruptcy automatic stay.

*Fraud* — Class action for a statewide class of individuals who were charged and paid an excessive fee to obtain documents from their condominium associations.

*Defective Product* — Class action for a nationwide class of individuals who purchased a defective product that caused liver failure.

_Data Breach_ — Class action for a nationwide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by their employer.

**NOTE:**  This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

# ZIMMERMAN LAW OFFICES, P.C.

77 West Washington Street
Suite 1220
Chicago, Illinois 60602
Telephone (312) 440-0020
Facsimile (312) 440-4180

www.attorneyzim.com

August 15, 2022

SN Servicing Corp. Data Breach Class Action

In Reference To: Schmitt v. SN Servicing Corp.
Court No. 21 cv 3355

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/28/2021 | SH | Research issues and work on drafting complaint. | 3.80 $675.00/hr | 2,565.00 |
| 1/29/2021 | SH | Research issues and work on drafting complaint. | 7.90 $675.00/hr | 5,332.50 |
| 2/1/2021 | SH | Research issues and work on drafting complaint. | 7.40 $675.00/hr | 4,995.00 |
| 2/2/2021 | SH | Conference with Thomas A. Zimmerman, Jr. to discuss complaint | 0.40 $675.00/hr | 270.00 |
| | SH | Research issues and draft complaint. | 5.70 $675.00/hr | 3,847.50 |
| | TAZ | Review documents and legal research on causes of action | 3.80 $715.00/hr | 2,717.00 |
| 2/3/2021 | SH | Research issues and draft complaint. | 6.20 $675.00/hr | 4,185.00 |
| | TAZ | Legal research on causes of action. Draft complaint. | 4.60 $715.00/hr | 3,289.00 |
| 2/4/2021 | TAZ | Draft complaint. | 4.10 $715.00/hr | 2,931.50 |
| 2/5/2021 | SH | Review email from counsel and the attached 11th circuit opinion. | 0.50 $675.00/hr | 337.50 |

**EXHIBIT B**

Page    2

| Date | | Description | Hrs/Rate | Amount |
|------|------|-------------|----------|--------|
| 2/19/2021 | TAZ | Draft complaint | 1.10<br>$715.00/hr | 786.50 |
| 2/23/2021 | TAZ | Draft complaint. | 1.60<br>$715.00/hr | 1,144.00 |
| 2/24/2021 | TAZ | Draft complaint. Mark exhibit. | 2.80<br>$715.00/hr | 2,002.00 |
| 3/1/2021 | TAZ | Review client's list of damages. Draft email to co-counsel. | 0.20<br>$715.00/hr | 143.00 |
| 3/10/2021 | TAZ | Revise complaint. Circulate it to co-counsel. | 0.30<br>$715.00/hr | 214.50 |
| 3/22/2021 | JZ | Email local counsel the requested information for Thomas A. Zimmerman, Jr.'s pro hac vice application. | 0.20<br>$190.00/hr | 38.00 |
| 4/17/2021 | JZ | Review proof of service of complaint | 0.10<br>$190.00/hr | 19.00 |
| 4/21/2021 | TAZ | Attend telephonic court hearing on motions to appear pro hac vice | 0.30<br>$715.00/hr | 214.50 |
| 4/22/2021 | JZ | Review orders granting pro hac vice | 0.10<br>$190.00/hr | 19.00 |
| 5/6/2021 | TAZ | Review and analyze defendant's removal papers | 0.90<br>$715.00/hr | 643.50 |
| | JZ | Draft application for admission pro hac vice for Thomas A. Zimmerman, Jr. | 0.50<br>$190.00/hr | 95.00 |
| 5/7/2021 | TAZ | Draft notice of appearance of counsel for Thomas A. Zimmerman, Jr. | 0.20<br>$715.00/hr | 143.00 |
| 5/12/2021 | JDB | Review and analyze defendant's Motion to Dismiss. | 2.90<br>$450.00/hr | 1,305.00 |
| 5/13/2021 | TAZ | Draft and review emails to and from co-counsel regarding case | 0.20<br>$715.00/hr | 143.00 |
| 5/20/2021 | TAZ | Review stipulation regarding motion to dismiss | 0.10<br>$715.00/hr | 71.50 |
| 5/25/2021 | JDB | Draft opposition to motion to dismiss. | 4.60<br>$450.00/hr | 2,070.00 |
| 5/26/2021 | JDB | Draft opposition to motion to dismiss. | 7.80<br>$450.00/hr | 3,510.00 |

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/28/2021 | TAZ | Review and analyze defendant's motion to dismiss the complaint | 2.40 $715.00/hr | 1,716.00 |
| | JDB | Draft opposition to motion to dismiss. | 2.90 $450.00/hr | 1,305.00 |
| 5/29/2021 | TAZ | Revise response to motion to dismiss the complaint | 3.70 $715.00/hr | 2,645.50 |
| 5/30/2021 | TAZ | Revise response to motion to dismiss the complaint | 1.90 $715.00/hr | 1,358.50 |
| 5/31/2021 | TAZ | Revise response to motion to dismiss the complaint | 1.10 $715.00/hr | 786.50 |
| 6/1/2021 | TAZ | Revise response to motion to dismiss the complaint | 0.80 $715.00/hr | 572.00 |
| 6/24/2021 | TAZ | Review and analyze defendant's reply in support of its motion to dismiss | 1.10 $715.00/hr | 786.50 |
| 7/6/2021 | TAZ | Prepare for oral argument on defendant's motion to dismiss the complaint | 3.90 $715.00/hr | 2,788.50 |
| 7/7/2021 | TAZ | Attend oral argument on defendant's motion to dismiss the complaint | 1.40 $715.00/hr | 1,001.00 |
| 7/15/2021 | TAZ | Telephone conference with defense counsel regarding case | 0.10 $715.00/hr | 71.50 |
| 7/26/2021 | JDB | Research and prepare memo on Defendant's updated data breach disclosure. | 0.50 $450.00/hr | 225.00 |
| | TAZ | Review defendant's new data breach notice. Draft and review emails to and from co-counsel regarding case. | 0.20 $715.00/hr | 143.00 |
| 8/6/2021 | TAZ | Draft and review emails to and from defense counsel and court regarding case management conference | 0.10 $715.00/hr | 71.50 |
| 8/9/2021 | JDB | Correspondence with Thomas A. Zimmerman, Jr. and M. Dann regarding court order. | 0.20 $450.00/hr | 90.00 |
| 8/10/2021 | JDB | Conduct research and prepare joint case management statement. | 3.60 $450.00/hr | 1,620.00 |
| | TAZ | Review and analyze court order ruling on motion to dismiss complaint | 0.40 $715.00/hr | 286.00 |
| | TAZ | Revise joint case management statement. Compile and mark exhibits. | 0.70 $715.00/hr | 500.50 |

Page    4

| Date | | Description | Hrs/Rate | Amount |
|------|---|-------------|----------|--------|
| 8/10/2021 | TAZ | Draft and review emails to and from defense counsel regarding joint status report | 0.20<br>$715.00/hr | 143.00 |
| 8/17/2021 | JDB | Draft email to Mr. Furth regarding amended complaint requesting documents and information. | 0.10<br>$450.00/hr | 45.00 |
| | JDB | Draft email to Ms. Schmitt regarding amended complaint requesting documents and information. | 0.10<br>$450.00/hr | 45.00 |
| | TAZ | Review and analyze Declaration of Matt Diebler | 0.10<br>$715.00/hr | 71.50 |
| | JDB | Conduct factual and legal research and draft amended complaint. | 3.80<br>$450.00/hr | 1,710.00 |
| | TAZ | Court appearance for status hearing | 0.40<br>$715.00/hr | 286.00 |
| 8/19/2021 | JDB | Telephone conference with Ms.Schmitt regarding amended complaint. | 0.20<br>$450.00/hr | 90.00 |
| | JDB | Telephone conference with M. Dann and J. Furth regarding amended complaint. | 0.30<br>$450.00/hr | 135.00 |
| | JDB | Draft Amended Complaint. | 2.70<br>$450.00/hr | 1,215.00 |
| 8/20/2021 | JDB | Conduct legal research and draft amended complaint. | 3.30<br>$450.00/hr | 1,485.00 |
| 8/24/2021 | JDB | Draft first amended complaint. | 1.50<br>$450.00/hr | 675.00 |
| | TAZ | Revise amended complaint | 1.70<br>$715.00/hr | 1,215.50 |
| 8/26/2021 | TAZ | Revise amended complaint | 3.70<br>$715.00/hr | 2,645.50 |
| 8/27/2021 | TAZ | Review Defendant's letters to the plaintiffs | 0.10<br>$715.00/hr | 71.50 |
| | TAZ | Review and analyze Defendant's initial disclosures and document production | 0.70<br>$715.00/hr | 500.50 |
| 8/30/2021 | JDB | Review and revise amended complaint | 1.20<br>$450.00/hr | 540.00 |
| | JDB | Conduct research; review file and Bowling case status documents. | 4.20<br>$450.00/hr | 1,890.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/30/2021 | TAZ | Revise amended complaint | 0.90 $715.00/hr | 643.50 |
| 8/31/2021 | TAZ | Review and analyze Plaintiff's initial disclosures and document production | 0.60 $715.00/hr | 429.00 |
| 9/8/2021 | TAZ | Review and analyze interrogatories, document requests, and requests to admit facts issued to plaintiff. | 0.50 $715.00/hr | 357.50 |
| 9/20/2021 | JDB | Review and analyze motion to dismiss amended complaint | 3.40 $450.00/hr | 1,530.00 |
| | JDB | Draft opposition to motion to dismiss brief. | 4.10 $450.00/hr | 1,845.00 |
| 9/21/2021 | JDB | Conduct legal research and draft opposition to motion to dismiss FAC. | 3.90 $450.00/hr | 1,755.00 |
| 9/22/2021 | JDB | Conduct legal research and draft opposition to motion to dismiss. | 2.40 $450.00/hr | 1,080.00 |
| 9/23/2021 | JDB | Conduct legal research and draft opposition to motion to dismiss amended complaint. | 7.70 $450.00/hr | 3,465.00 |
| 9/24/2021 | TAZ | Review and analyze defendant's motion to dismiss first amended complaint | 2.80 $715.00/hr | 2,002.00 |
| | JDB | Draft opposition to motion to dismiss; prepare tables. | 2.90 $450.00/hr | 1,305.00 |
| 9/25/2021 | TAZ | Revise response to motion to dismiss first amended complaint | 3.90 $715.00/hr | 2,788.50 |
| 9/26/2021 | TAZ | Revise response to motion to dismiss first amended complaint | 2.20 $715.00/hr | 1,573.00 |
| 9/27/2021 | JDB | Finalize details regarding revisions to opposition brief. | 0.50 $450.00/hr | 225.00 |
| 10/1/2021 | TAZ | Draft and review emails to and from co-counsel regarding offer of judgment | 0.20 $715.00/hr | 143.00 |
| | JDB | Review offer of judgment. Conduct legal research and draft legal memorandum regarding offer of judgment. | 3.10 $450.00/hr | 1,395.00 |
| | TAZ | Revise legal memorandum regarding offer of judgment | 0.80 $715.00/hr | 572.00 |
| 11/3/2021 | JDB | Telephone conference with Thomas A. Zimmerman, Jr. regarding hearing on motion to dismiss. | 0.40 $450.00/hr | 180.00 |

Page        6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/3/2021 | JDB | Attend hearing on motion to dismiss. | 0.60 $450.00/hr | 270.00 |
| | TAZ | Attend court hearing on motion to dismiss amended complaint | 0.60 $715.00/hr | 429.00 |
| | TAZ | Prepare for hearing on motion to dismiss amended complaint | 2.40 $715.00/hr | 1,716.00 |
| 11/15/2021 | TAZ | Review and analyze court ruling on defendant's motion to dismiss the first amended complaint. Legal research for second amended complaint. | 1.60 $715.00/hr | 1,144.00 |
| 11/16/2021 | TAZ | Draft second amended complaint. | 1.20 $715.00/hr | 858.00 |
| 11/22/2021 | TAZ | Finalize second amended complaint with exhibits for filing. | 0.20 $715.00/hr | 143.00 |
| 11/23/2021 | TAZ | Telephone conference with co-counsel regarding mediation | 0.20 $715.00/hr | 143.00 |
| | TAZ | Telephone conference with defense counsel regarding mediation | 0.30 $715.00/hr | 214.50 |
| 11/24/2021 | TAZ | Draft and review emails regarding terms of mediation | 0.10 $715.00/hr | 71.50 |
| 12/1/2021 | TAZ | Draft and review emails regarding terms of mediation | 0.10 $715.00/hr | 71.50 |
| 12/3/2021 | TAZ | Review stipulation and proposed order. Draft email regarding it. | 0.20 $715.00/hr | 143.00 |
| 12/11/2021 | TAZ | Research proposed mediators | 0.30 $715.00/hr | 214.50 |
| 12/23/2021 | TAZ | Review emails regarding proposed mediators | 0.10 $715.00/hr | 71.50 |
| 1/5/2022 | TAZ | Draft and review emails to and from mediator | 0.10 $715.00/hr | 71.50 |
| 1/21/2022 | SH | Call with Thomas A. Zimmerman, Jr. to discuss preparation of a chart of data breach settlements. Call with paralegal Jaci Zaleski regarding same. Draft email to Thomas A. Zimmerman, Jr. regarding Northern District of California guidelines for class settlements. | 0.60 $675.00/hr | 405.00 |
| 1/25/2022 | MDR | Update data breach spreadsheet to include necessary information pursuant to Northern District of California's procedural guidance for class action settlements. | 2.80 $390.00/hr | 1,092.00 |

Page    7

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/27/2022 | MDR | Continue updating data breach spreadsheet to include necessary information pursuant to Northern District of California's procedural guidance for class action settlements. | 3.40 $390.00/hr | 1,326.00 |
| 2/2/2022 | TAZ | Draft and review emails to and from defense counsel regarding discovery for mediation | 0.10 $715.00/hr | 71.50 |
| | TAZ | Continue updating data breach spreadsheet to include necessary information pursuant to Northern District of California's procedural guidance for class action settlements. | 4.10 $715.00/hr | 2,931.50 |
| 2/3/2022 | TAZ | Review and analyze discovery for mediation from defendant | 0.30 $715.00/hr | 214.50 |
| 2/4/2022 | TAZ | Research data breach settlement relief in other cases | 3.40 $715.00/hr | 2,431.00 |
| 2/6/2022 | TAZ | Research data breach settlement relief in other cases | 3.80 $715.00/hr | 2,717.00 |
| 2/7/2022 | TAZ | Draft mediation memorandum | 2.30 $715.00/hr | 1,644.50 |
| 2/8/2022 | TAZ | Draft mediation memorandum | 2.10 $715.00/hr | 1,501.50 |
| 2/9/2022 | JDB | Review and revise plaintiff's mediation memo. | 0.50 $450.00/hr | 225.00 |
| | TAZ | Revise mediation memorandum. Compile and mark exhibits to it. | 1.80 $715.00/hr | 1,287.00 |
| 2/10/2022 | JDB | Review and revise draft mediation memo. | 0.70 $450.00/hr | 315.00 |
| 2/15/2022 | TAZ | Draft and review emails to and from defense counsel regarding mediation | 0.10 $715.00/hr | 71.50 |
| 2/16/2022 | TAZ | Telephone conference with mediator to prepare for mediation | 0.70 $715.00/hr | 500.50 |
| | TAZ | Create settlement analysis spreadsheet | 1.20 $715.00/hr | 858.00 |
| | TAZ | Review data breach settlements, and update data breach settlement spreadsheet. | 2.30 $715.00/hr | 1,644.50 |
| 2/17/2022 | TAZ | Draft settlement term sheet. Make revisions to terms with defense counsel. | 0.40 $715.00/hr | 286.00 |
| | TAZ | Prepare for and attend mediation | 7.80 $715.00/hr | 5,577.00 |

Page    8

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/25/2022 | TAZ | Review and revise notice of settlement | 0.10 $715.00/hr | 71.50 |
| 3/15/2022 | TAZ | Draft and review emails to and from defense counsel regarding settlement agreement | 0.10 $715.00/hr | 71.50 |
| 3/30/2022 | TAZ | Review and analyze settlement agreement from defendant's counsel. Verify facts and settlement terms. | 3.20 $715.00/hr | 2,288.00 |
| 3/31/2022 | TAZ | Review and analyze notice and administration proposal from Angeion | 0.30 $715.00/hr | 214.50 |
| | TAZ | Revise settlement agreement to incorporate changes | 2.40 $715.00/hr | 1,716.00 |
| 4/1/2022 | TAZ | Revise settlement agreement to incorporate changes | 1.10 $715.00/hr | 786.50 |
| 4/2/2022 | TAZ | Create settlement timeline Excel spreadsheet | 1.70 $715.00/hr | 1,215.50 |
| | TAZ | Revise settlement agreement to incorporate changes | 2.80 $715.00/hr | 2,002.00 |
| 4/26/2022 | TAZ | Revise claim form | 0.40 $715.00/hr | 286.00 |
| | TAZ | Revise postcard notice | 0.50 $715.00/hr | 357.50 |
| | TAZ | Revise summary notice | 0.60 $715.00/hr | 429.00 |
| | TAZ | Revise settlement agreement | 0.70 $715.00/hr | 500.50 |
| | TAZ | Revise final approval order | 0.90 $715.00/hr | 643.50 |
| | TAZ | Revise preliminary approval order | 1.10 $715.00/hr | 786.50 |
| 4/27/2022 | TAZ | Revise settlement timeline | 0.20 $715.00/hr | 143.00 |
| | TAZ | Revise settlement agreement. Send settlement documents to defense counsel. | 0.80 $715.00/hr | 572.00 |
| | TAZ | Revise long form notice | 1.60 $715.00/hr | 1,144.00 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/28/2022 | TAZ | Review emails with settlement administrator | 0.10 $715.00/hr | 71.50 |
| 5/2/2022 | TAZ | Review and analyze revised notice and administration proposal from Angeion | 0.30 $715.00/hr | 214.50 |
| | TAZ | Revise joint case management statement | 0.20 $715.00/hr | 143.00 |
| 5/3/2022 | TAZ | Conference with settlement administrator regarding notice and administration | 0.60 $715.00/hr | 429.00 |
| 5/6/2022 | TAZ | Review claim form and notice documents with revisions from defense counsel. Compare with prior versions. Make further revisions, and send them to defense counsel. | 0.80 $715.00/hr | 572.00 |
| 5/31/2022 | TAZ | Review and analyze estimate for notice and settlement administration from KCC. Compare it to Angeion's quote. | 0.70 $715.00/hr | 500.50 |
| 6/1/2022 | TAZ | Revise settlement timeline. | 0.20 $715.00/hr | 143.00 |
| | TAZ | Revise settlement agreement and exhibits to make final versions. Circulate them to all counsel. | 0.90 $715.00/hr | 643.50 |
| 6/3/2022 | JDB | Draft Motion for Preliminary Approval of Class Settlement. | 7.30 $450.00/hr | 3,285.00 |
| 6/8/2022 | JDB | Draft motion for preliminary approval and supporting materials | 6.50 $450.00/hr | 2,925.00 |
| | TAZ | Revise settlement timeline. Send it to all counsel. | 0.10 $715.00/hr | 71.50 |
| | TAZ | Revise settlement agreement to incorporate changes. Send it to all counsel. | 0.20 $715.00/hr | 143.00 |
| | TAZ | Telephone conference with defense counsel regarding changes to settlement agreement | 0.30 $715.00/hr | 214.50 |
| 6/10/2022 | JDB | Draft motion for preliminary approval and supporting papers. | 2.80 $450.00/hr | 1,260.00 |
| 6/11/2022 | TAZ | Draft motion for preliminary approval of settlement | 3.40 $715.00/hr | 2,431.00 |
| 6/12/2022 | TAZ | Draft motion for preliminary approval of settlement | 4.80 $715.00/hr | 3,432.00 |
| 6/13/2022 | TAZ | Draft motion for preliminary approval of settlement. Draft declaration of Thomas A. Zimmerman, Jr. in support of motion. | 3.60 $715.00/hr | 2,574.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/14/2022 | TAZ | Draft motion for preliminary approval of settlement. Revise settlement timeline. | 2.30 $715.00/hr | 1,644.50 |
| | JDB | Finalize motion for preliminary approval; annotate supporting cases; prepare notes and citations. | 2.70 $450.00/hr | 1,215.00 |
| | TAZ | Review settlement agreement signed by plaintiff. Compile and mark final exhibits to the settlement agreement. Send it to defense counsel. | 0.30 $715.00/hr | 214.50 |
| 6/15/2022 | TAZ | Review lodestar and cost information from co-counsel. Revise motion for preliminary approval. | 0.20 $715.00/hr | 143.00 |
| 6/23/2022 | TAZ | Review proposed CAFA notice from settlement administrator. Draft email regarding it. | 0.20 $715.00/hr | 143.00 |
| 7/6/2022 | TAZ | Revise preliminary approval order and settlement timeline. Send them to judge. | 0.20 $715.00/hr | 143.00 |
| | TAZ | Prepare for and attend court hearing on motion for preliminary approval of settlement | 0.60 $715.00/hr | 429.00 |
| 7/19/2022 | TAZ | Revise claim form, summary notice, long form notice, and postcard notice. Revise settlement timeline. Send them to settlement administrator. | 0.40 $715.00/hr | 286.00 |
| 7/27/2022 | JDB | Draft motion for attorney fees, expenses, and incentive awards. | 4.80 $450.00/hr | 2,160.00 |
| 7/28/2022 | JDB | Draft motion for attorneys' fees and costs, and service award | 3.50 $450.00/hr | 1,575.00 |
| | JDB | Draft motion for attorneys' fees and costs, and service award | 7.90 $450.00/hr | 3,555.00 |
| 7/29/2022 | JDB | Draft declaration in support of motion for attorneys' fees and costs, and service award. | 1.10 $450.00/hr | 495.00 |
| | JDB | Draft declaration in support of motion for attorneys' fees and costs, and service award. | 1.10 $450.00/hr | 495.00 |
| | JDB | Draft motion for attorneys' fees, costs, and Service Award. | 1.70 $450.00/hr | 765.00 |
| 7/31/2022 | TAZ | Revise petition for fees and service award | 1.80 $715.00/hr | 1,287.00 |
| 8/1/2022 | TAZ | Revise fee petition | 0.90 $715.00/hr | 643.50 |
| | TAZ | Draft declaration of Tom Zimmerman in support of fee petition | 1.80 $715.00/hr | 1,287.00 |

Page    11

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/3/2022 | TAZ | Revise fee petition | 0.30<br>$715.00/hr | 214.50 |
| | TAZ | Review and revise Declaration of Marc Dann in support of fee petition | 0.70<br>$715.00/hr | 500.50 |
| 8/4/2022 | TAZ | Review settlement website. Test links, drop downs, and submit test claim form. Verify accuracy of text. | 0.60<br>$715.00/hr | 429.00 |
| 8/12/2022 | TAZ | Review and revise declaration of Mitchell Chyette | 0.20<br>$715.00/hr | 143.00 |
| | TAZ | Revise settlement spreadsheet and fee petition | 0.30<br>$715.00/hr | 214.50 |
| 8/15/2022 | TAZ | Review Mitchell Chyette's revised declaration. Revise settlement spreadsheet and fee petition | 0.30<br>$715.00/hr | 214.50 |
| | | For professional services rendered | 289.50 | $174,187.50 |
| | | Additional Charges : | | |
| 5/7/2021 | | Clerk of US District Court (Tom Zimmerman pro hac vice fee) | | 317.00 |
| 1/17/2022 | | Judicate West (mediator's fee) | | 2,325.00 |
| | | Total amount of this bill | | $176,829.50 |
| | | Balance due | | $176,829.50 |

# LAFFEY MATRIX

History

Case Law

**See the Matrix**

Contact us

Home

|  |  | | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |

| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

\* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

\*\* The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.