UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DESIREE SCHMITT, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SN SERVICING CORPORATION, an Alaska Corporation,<br><br>　　　　Defendant | Case No. 3:21-cv-03355-WHO<br><br>**FINAL APPROVAL ORDER** |

On July 8, 2022, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the June 14, 2022 Settlement Agreement and Release ("Settlement Agreement") between Plaintiff Desiree Schmitt, individually and on behalf of the Settlement Class (as defined below), and Defendant SN Servicing Corporation.[1]

Commencing on August 5, 2022, Angeion Group, LLC (the "Claims Administrator"), provided Notice to Settlement Class Members. Although notice deviated technically from the requirements outlined in section 4 of the Settlement Agreement and the Notice Program, the Court is satisfied that a substantial percentage of the class was reached via email and first-class mail, and that the notice provided was the best practicable under the circumstances, in compliance with due process and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a)　　fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

---

[1]　　Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

(d) provided the time, date, and place of the Final Approval Hearing.

On November 16, 2022, the Court held a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto; (b) any objections filed with or presented to the Court; and (c) the Parties' responses to any objections. The Court also considered the oral argument of counsel and the supplemental affidavits that it ordered. Based on this review and the findings below, the Court finds good cause to grant the Motions, with the amount of attorneys' fees adjusted as described below.

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. There was no presumption of fairness; the Court applied a "heightened fairness inquiry" as required when class action cases settle prior to certification. *See Roes, 1-2 v. SFBCS Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion; by capable and experienced counsel who, along with the class representative, adequately represented the class; with full knowledge of the facts, the

law, and the risks inherent in litigating the Litigation; and with the active involvement of the Parties and a third party mediator. Moreover, the Settlement Agreement treats class members equitably relative to each other, confers adequate benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. So too does the fact that no Class Members objected to the settlement.

3. The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and separately filed Judgment.

4. The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5. No objections to the Settlement were submitted by Settlement Class Members. All Settlement Class Members who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6. One (1) person (*i.e.*, Donna Childs f/k/a Donna Hill) made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Member"). The Opt-Out Member is not bound by the Settlement Agreement, Final Approval Order and Judgment and shall

not be entitled to any of the benefits afforded to Settlement Class Members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7.      Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All Persons whose Personal Information was accessed by unknown third parties during unauthorized access to Defendant's electronic files on or about October 15, 2020.

8.      Excluded from the Settlement Class are those individuals identified by names only on the Class List provided by Defendant to the Claims Administrator, for whom no email or mailing address was contained in Defendant's records ("Names Only Entries"). With respect to these Names Only Entries, the Court finds that Defendant's files contained only names and loan amounts pertaining to these 99,880 individuals, and that no letter of notification of the Security Incident was sent to them by Defendant informing them of the Security Incident. Defendant's files did not contain any contact information or sensitive personally identifiable information about these Names Only Entries, beyond their names. As a result, the Names Only Entries shall not receive any benefits from the Settlement and shall not be bound by the release or judgment in this matter.

9.      Except as set forth in the foregoing paragraph, the Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

10.     The Court grants final approval to the appointment of Representative Plaintiff Desiree Schmitt as the class representative, and concludes that she has fairly and adequately represented the Settlement Class and shall continue to do so.

11.     The Court grants final approval to the appointment of the Law Office of Mitchell Chyette, Dann Law, and Zimmerman Law Offices, P.C. as Class Counsel. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

**NOTICE TO THE CLASS**

12. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

**ATTORNEYS' FEES AND COSTS, SERVICE AWARDS**

13. The Court awards Class Counsel $225,000 in fees and reimbursement of $7,317.81 in costs. The Court finds these amounts to be fair and reasonable. The amount of fees awarded represents 25% of the Settlement Fund, which is the "benchmark rate" within the Ninth Circuit. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Although Class Counsel initially sought 30% of the Settlement Fund, given the circumstances of the case, the Court finds that an upward deviation from the benchmark is not warranted here. Specifically, the Court takes into account the number of valid claims (2,997 out of a 170,300-person class) and the dramatically different estimates of the class size, the costs of Claims Administration (discussed below), and the amount of individual recovery proffered by Class Counsel throughout the Settlement process, from preliminary approval to final approval, and again in the supplemental briefing. The Court also takes into account the claims process and that Class Members had to affirmatively opt-in to the non-monetary relief offered. Taken together, although the relief to Class Members is adequate, it is not so exceptional so as to justify additional attorneys' fees, nor do other weigh heavily in favor of doing so. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020) (identifying factors that a court may consider when deciding whether to adjust the benchmark, including "the extent to which class counsel achieved exceptional results for the class" and any relief to the class

beyond a cash settlement fund). Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

14. The Court awards $5,000.00 to the Representative Plaintiff as a service award. The Court finds this amount is justified by her service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in paragraph 9.3 of the Settlement Agreement.

## RELEASE

15. Each Settlement Class Member, including Representative Plaintiff, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Persons from any and all of the Released Claims (including Unknown Claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Paragraphs 1.30-1.31 and 8.1 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Representative Plaintiff and Settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

16. The Settlement Agreement, Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds Representative Plaintiff and all Settlement Class Members who did not properly request exclusion. The Settlement Agreement, Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## **OTHER PROVISIONS**

17. The Settlement Fund, consisting of nine hundred thousand dollars and no cents ($900,000.00), shall be used to pay all costs of the settlement, including all Awards and payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiff's Service Award.

18. The Court approves the final costs of Claims Administration provided in the supplemental briefing, in the amount of $236,887.48. The Court notes that this number is significantly higher from the initial estimate Class Counsel provided when seeking preliminary approval of the Settlement, which was $145,925. The increase is attributed to the higher than anticipated volume of claims received.

19. If any money remains in the Settlement Fund after the payment of all Settlement payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiff's Service Award, the Parties shall return to the Court seeking direction as to the disposition of these funds, including the selection of a cy pres recipient, pursuant to paragraph 7.6 of the Settlement Agreement.

20. The Settlement Agreement, Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

21. The Settlement Agreement, Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement, Final Approval Order and Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

22. Consistent with paragraph 10.4 of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of its provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Representative Plaintiff's Service Award, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

23. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

24. Within twenty-one (21) days after the distribution of settlement funds and payment of attorneys' fees, the parties shall file a Post-Distribution Accounting that includes the information set forth in the Northern District of California's Procedural Guidance for Class Action Settlements, and the parties shall post this Post-Distribution Accounting on the Settlement Website. The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

25. The Court hereby dismisses this case in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**IT IS SO ORDERED:**

Date: December 9, 2022

_____
HONORABLE WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE